THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS　　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT
NORTHERN DISTRICT　　　　　　　　　　　　　　　　　　　DOCKET NO. 06-M-0096

IN THE MATTER OF PAMELA TABER (FORMERLY MCCARTHY)
AND RICKY C. MCCARTHY

MOTION FOR FURTHER ORDER REGARDING DISTRIBUTION OF
RETIREMENT AND WORDING OF QDRO

**NOW COMES** the Petitioner, Pamela Taber-McCarthy, by and through her attorney, and she respectfully requests a further court order to effectuate the distribution of the retirement and the wording of the QDRO and states as follows:

1. The parties were divorced effective July 13, 2007.

2. The court ordered, at page 4, 7. c., that Petitioner's counsel prepare the QDRO for the division of the retirement.

3. Petitioner's counsel contacted Schleuniger May 30, 2007 and sent a release for information.

4. Petitioner's counsel drafted a QDRO and sent it to Attorney Buchholz on July 10, 2007 and it was returned in late August.

5. In August, the signed QDRO was sent to Schleuniger, Inc.

6. At the end of August, Schleuniger indicated that it would not approve and sign off on the QDRO unless the proposed order made clear whether or not gains or losses should be applied from January 16, 2006 until the date of distribution.

7. In September, the Petitioner attempted to find out what the gains or losses would be.

8. Scheuniger refused to compute the gains or losses until the QDRO was amended to

specifically deal with whether the gains and losses would be included.

9. Petitioner's attorney contacted Attorney Buchholz and sent an Addendum for Ricky McCarthy's review and signature on November 1, 2007.

10. No response was received.

11. Petitioner's attorney sent a follow up letter on November 9, 2007.

12. No response was received.

13. Petitioner's attorney contacted Attorney Buchholz by phone on November 16, 2007 and Attorney Buchholz could not say whether his client would sign the Addendum as he had not yet spoken to him about it. He indicated that he may disagree with the wording of the addendum but would not commit.

14. It is necessary to present Schleuniger, Inc. with the QDRO and Addendum in order to obtain their approval of the transfer so that the QDRO and Addendum can be ordered by this Court.

**WHEREFORE**, Pamela Taber-McCarthy respectfully requests that this Honorable Court:

A. Order Ricky McCarthy to sign the Addendum so that Pam McCarthy's benefits in the amount of $33,979.96 are paid to her with any gains and losses thereon from the date of valuation through the date of distribution; and

B. Order that Ricky McCarthy cooperate by signing the Addendum and any other necessary paperwork to effectuate the transfer immediately; and

C. Make such other orders as are fair and just.

LAW OFFICES OF KATHLEEN A. STERNENBERG · 27 WEBSTER STREET · MANCHESTER, NH 03104-2547

Respectfully submitted,
Pamela Taber-McCarthy, Petitioner

Dated: November 16, 2007         By:   *Kathleen A. Sternenberg*
                                       Kathleen A. Sternenberg, Esq.
                                       Law Office of Kathleen A. Sternenberg
                                       27 Webster Street
                                       Manchester, NH 03104-2547
                                       (603)641-1048

## CERTIFICATE OF SERVICE

I, Kathleen A. Sternenberg, hereby certify that I have mailed, postage pre-paid, a copy of this pleading to opposing counsel, Kevin Buchholz, Esq., and to Alan Cantor, GAL, this 16th day of November, 2007.

*Kathleen A. Sternenberg*
Kathleen A. Sternenberg, Esq.

LAW OFFICES
## WALKER & BUCHHOLZ
Professional Association
50 BRIDGE STREET, SUITE 205
MANCHESTER, NEW HAMPSHIRE 03101-1699

JAMES G. WALKER
KEVIN E. BUCHHOLZ

PHONE (603) 634-5090
FAX (603) 644-8811
INTERNET: kbuchholz@walkerbuchholz.com

November 16, 2007

**VIA FACSIMILE & US MAIL**

Kathleen A. Sternenberg, Esq.
Law Office of Kathleen A. Sternenberg
27 Webster Street
Manchester, NH 03104-2547

    Re: *In the Matter of Pam McCarthy and Ricky McCarthy*
    Docket#: 06-M-0096
    Our file No. 7916

Dear Attorney Sternenberg:

This is to follow up our phone conversation of this morning.

I spoke with Mr. McCarthy concerning his position on the language contained in your proposed addendum to the QDRO. I have also reviewed the statutory provisions.

First, my client considers the agreement reached by the parties to be a lump sum settlement with the amount being fixed by the specified time period ending January 16, 2006. That amount was determined to be $33,979.96.

We also agreed that you/your client would be drafting the necessary QDRO and presenting it to the plan administrator for a determination of whether or not the proposed QDRO was in conformance with the plan and constituted a Qualified Domestic Relations Order within the meaning of the law.

Under 29 USC §1056(d)(3)(H) the plan administrator is required to separately account for "segregated amounts" which would have been payable to the alternative payee during any period of time in which the issue of whether or not the proposed order is a QDRO within the meaning of the statute. If within 18 months it is determined that the proposed order meets the requirements of a QDRO, the plan administrator is required to pay over the segregated amounts including any interest thereon.

The 18 month period referred to in the statue begins "with the date on which the first payment would be required to be made under the domestic relations order. The domestic relations order in this case was issued on April 30, 2007.

Kathleen Sternerberg
November 16, 2007
Page 2

Hence, it is my client's position that your client would be owed interest on her portion of the agreement upon amount from the period of time running from (at the earliest) April 30, 2007. Your client is not owed any "profits" on the segregated amount only interest.

I do not know if the plan administrator has held the segregated amounts in an interest bearing account. Assuming they were, then my client has no problem signing an addendum that states that states that your client would be owed interest in the segregated amounts. However, I don't believe such an addendum is required as the statutory language already provides for the interest.

Therefore, my client will not be signing your proposed addendum as it does not meet the statutory language and is not the agreement of the parties.

Very truly yours,
WALKER & BUCHHOLZ, P.A.

Kevin E. Buchholz, Esquire

KEB:kan
Cc: Ricky McCarthy
    Melisa Ceickrer