UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * ***
                                                        *
Ricky C. McCarthy                                       *
                                                        *
                    Plaintiff                           *
                                                        *
              v.                                        *    Docket:  Unknown
                                                        *
Pamela Taber-McCarthy                                   *
                                                        *
                    Defendant                           *
                                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * **
```

## *PLAINTIFF'S PETITION FOR REMOVAL*

**NOW COMES** the plaintiff, Ricky McCarthy, (hereinafter, "plaintiff") by and through counsel, Walker & Buchholz, P.A., and respectfully submits the following Petition For Removal and in support thereof states as follows:

1. On or about January 20, 2006, a Petition For Divorce was filed by the named defendant in this matter, Pamela Taber-McCarthy (hereinafter "defendant").

2. The plaintiff and defendant, through the use of their respective counsel, reached a lump sum settlement agreement with regard to the distribution of certain pension funds. The terms of the agreement were approved by the Hillsborough County Superior Court, Northern District (hereinafter "State Court"), which issued its order on or about April 30, 2007.

3. Pursuant to the terms of the parties' agreement, the defendant's counsel (The Law Offices of Kathleen Sternenberg) was to draft the Qualified Domestic Relations Order (hereinafter "QDRO") and take the necessary steps to perfect the transfer.

4. Despite the parties' express agreement, that the payment to be made to the defendant was to be a "lump sum", the defendant now seeks the calculation of gains on the plaintiff's retirement account in addition to the agreed to lump sum payment.

5. The defendant, by way of counsel, filed pleadings with the state court a further order with regard to the wording of the QDRO, originally drafted by her counsel, to include unbagained for gains on plaintiff's retirement account to be included in calculation of the payment to be made to her. Plaintiff objected to this request as it was not the agreement of the parties. Further, the issue raises the correct application of the provision of 29 USC§ 1056 et. seq. The defendant claims that she is entitled to gains on the portion of plaintiff's retirement account, as a matter of law, regardless of the agreement of the parties or the terms of the plan.

6. Under 29 USC § 1056 et. seq a plan administrator has 18 months in which to determine whether or not a proposed QDRO is in conformance with the statutory requirements and the terms of the plan.

7. The 18 month period begins to run "with the date on which the first payment would be required to be made under the domestic relations order" 29 USC §1056 (d)(3)(H)(v).

8. During such period of time the plan administrator is required to keep the funds to be paid to the alternative payee as "segregated amounts" while it is being determined if the proposed QDRO meets the statutory and plan requirements.

9. The statute also expressly states that "[i]f within the 18-month period described in clause (v) the proposed order (or modification thereof) is determined to be a qualified domestic relations order, the plan administration shall pay the segregated amounts (including any interest thereon) to the person entitled thereto." 29 USC § 1056 (d)(3)(H)(v). The statute does not call for the payment of any profit or loss on the segregated amounts. The statute only requires the payment of interest if any, earned on the segregated amounts.

10. The issue to be litigated directly raised a federal question as to the correction interpretation of 29 USC § 1056 et. seq and plaintiff deserves to have this matter litigated in the federal court.

11. The Federal District Court for the District of New Hampshire is the proper venue for this matter as the parties reside and/or do business in New Hampshire.

12. In addition to the parties named herein, it is plaintiff's position that the plan administrator should be given notice of and an opportunity to be heard on the issue, as the issue directly affects the rights and obligation of a plan administrator under the federal statute governing distribution of pension funds via Qualified Domestic Relations Order. Despite requests to do so, the state court has failed to require notification to the plan administrator and has rescheduled a hearing on the federal question issue.

Respectfully submitted by,
Ricky McCarthy
By his attorneys,
WALKER & BUCHHOLZ, P.A.

Dated:  March 13, 2008       By /s/ Kevin E. Buchholz, Esquire
                                Kevin E. Buchholz, Esquire
                                NH Bar# 6535
                                50 Bridge Street, Suite 205
                                Manchester, NH 03101-1699
                                603-634-5090
                                kbuchholz@walkerbuchholz.com

### *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing Petition For Removal was this day forwarded to Kathleen Sternenberg, Esquire, Law Offices of Kathleen Sternenberg, 27 Webster Street, Manchester, NH 03104

Dated:  March 13, 2008                          /s/ Kevin E. Buchholz, Esquire
                                                Kevin E. Buchholz, Esquire