UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Pamela Taber-McCarthy

        Petitioner

        v.               Case Number 1:08-cv-96-PB

Ricky C. McCarthy

        Respondent
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITIONER'S MOTION FOR REMAND

The petitioner, Pamela Taber-McCarthy, hereby moves that the Court remand this case to the Hillsborough County Superior Court, Northern District, because Respondent failed to timely file for removal and because this Court lacks subject matter jurisdiction. The grounds for this motion are set forth more particularly below.

1. In order for a removal to be timely, a notice of removal must be filed within thirty days of receipt of the complaint or some other amended pleading, motion or other paper in which it can be ascertained that the matter is removable. *See 28 U.S.C. § 1446(b).*

2. "The time limitations in Section 1446 are mandatory and must be strictly construed. The thirty day period allowed for removal is mandatory, and

remand is required if the deadline is not met." *Luce v. Lloyd's of London*, 868 F.Supp. 625, 626 (D.Vt. 1994).

3. Respondent seeks removal on account of "filed pleadings with the State Court seeking a further order with regard to the wording of the QDRO." *Respondent's Amended Petition for Removal* at ¶5.

4. The subject state court pleading is dated November 26, 2007. *See Motion for Further Order Regarding Distribution of Retirement and Wording of QDRO* at 3 (filed with this Court by Respondent with initial *Petition for Removal*).

5. Accordingly, Respondent had to file the notice of removal on or before December 26, 2007.

6. Respondent did not file the notice of removal until March 13, 2008.

7. Therefore, the notice of removal was untimely.

8. In addition to the notice of removal being untimely, there are no grounds for subject matter jurisdiction.

9. The pleading that Respondent seeks to litigate in this Court involves the issuance of a QDRO (qualified domestic relations order).

10. This Court has no jurisdiction over QDROs. *29 U.S.C. § 1056(d)(3)(B)(ii)(II)*; *Hunter v. Ameritech*, 779 F.Supp. 419, 420-21 (N.D.Ill. 1991) ("This Court of course has no power to issue a QDRO itself, and it cannot be known whether Ameritech will or will not become subject

   to one unless and until the only court having jurisdiction to do so-the Circuit Court of Cook County-decides that question").

11. Accordingly, for this reason as well this case should be remanded. *28 U.S.C. § 1446(c).*

12. No supporting memorandum accompanies this motion because the relevant legal authorities are contained in this motion.

   WHEREFORE, the petitioner, Pamela Taber-McCarthy, respectfully requests that the Court:

   A. Grant this motion and remand this case to the Hillsborough County Superior Court, Northern District; and

   B. Grant such other and further relief as justice and equity require.

Respectfully submitted,

Pamela Taber-McCarthy,

By her Attorney

MOSCA LAW OFFICE


/s/ Edward C. Mosca
27 Webster Street
Manchester, NH 03104
(603) 628-3695

## CERTIFICATE OF SERVICE

    I hereby certify that on March 23, 2008 I served the foregoing by ECF on Kevin Bucholz, Esquire. Counsel of record for Respondent, and by had-delivering a copy to Law Office of Kathleen Sternenberg, 27 Webster Street, Manchester, NH 03104, counsel for Petitioner.


/s/ Edward C. Mosca
Edward C. Mosca

4