VOID WITHOUT VALIDATION STAMP HERE   MAR 2 7 2008

OK

The State of New Hampshire
Superior Court

06-M-0096
DOCKET NUMBER

Record of Divorce, Legal
Separation or Annulment

| 1 HUSBAND'S NAME – FIRST | MIDDLE | LAST |
|---|---|---|
| Ricky | C. | McCarthy |

| 2a. RESIDENCE – CITY, TOWN, OR LOCATION (at time of filing) | 2b COUNTY | 2c STATE |
|---|---|---|
| Bedford | Hillsborough | New Hampshire |

| 3 BIRTHPLACE (State or Foreign Country) | 4 DATE OF BIRTH (Month, Day, Year) | 5 NUMBER OF THIS MARRIAGE (specify first, second, etc.) | 6 SOCIAL SECURITY NUMBER |
|---|---|---|---|
| Connecticut | 10/14/1966 | 2 | 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 |

| 7 IF PREVIOUSLY MARRIED HOW MANY ENDED BY (Do Not Include Current Marriage) | | 8 EDUCATION (specify highest grade completed) | |
|---|---|---|---|
| DEATH 0 | DIVORCE, ANNULMENT 1 | ELEMENTARY OR SECONDARY (0-12) 12 | COLLEGE (1-4 or 5+) |

| 9a. WIFE'S NAME – FIRST | MIDDLE | LAST | 9b MAIDEN SURNAME |
|---|---|---|---|
| Pamela | J. | Taber-McCarthy | Taber |

| 10a. RESIDENCE – CITY, TOWN, OR LOCATION (at time of filing) | 10b COUNTY | 10c. STATE |
|---|---|---|
| Manchester | Hillsborough | New Hampshire |

| 11 BIRTHPLACE (State or Foreign Country) | 12 DATE OF BIRTH (Month, Day, Year) | 13. NUMBER OF THIS MARRIAGE (specify first, second, etc.) | 14 SOCIAL SECURITY NUMBER |
|---|---|---|---|
| New Hampshire | 6/29/1961 | 1 | 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 |

| 15 IF PREVIOUSLY MARRIED HOW MANY ENDED BY (Do Not Include Current Marriage) | | 16 EDUCATION (specify highest grade completed) | |
|---|---|---|---|
| DEATH | DIVORCE, ANNULMENT | ELEMENTARY OR SECONDARY (0-12) 12 | COLLEGE (1-4 or 5+) 4 |

| 17a PLACE OF THIS MARRIAGE – CITY/TOWN | 17b COUNTY | 17c STATE (or Foreign Country) | 18 DATE OF THIS MARRIAGE (Month, Day, Year) |
|---|---|---|---|
| Manchester | Hillsborough | NH | 9/26/1998 |

| 19 DATE COUPLE LAST RESIDED IN SAME HOUSEHOLD | 20a. NUMBER OF CHILDREN BORN ALIVE OR ADOPTED DURING THIS MARRIAGE | 20b NUMBER OF CHILDREN UNDER 18 IN THIS HOUSEHOLD AS OF DATE IN ITEM 19 | 20c. PETITIONER |
|---|---|---|---|
| 12/2/05 | 1 | 2 | ☐ Husband  ☒ Wife  ☐ Other |

| 21a. NAME OF PETITIONER'S ATTORNEY or PRO-SE (Type/Print) | 21b ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) | 21c. DATE (this Form completed by petitioner) |
|---|---|---|
| Kathleen A. Sternenberg | 27 Webster St. Manchester, NH 03104 | 2/10/06 |

**BELOW THIS LINE TO BE COMPLETED BY CLERK, SUPERIOR COURT.**

| 22a. Date libel filed with court (Month/Day/Year) | 22 Cause for Filing | 22c A decree was entered. There was an: | 23a Type of Decree |
|---|---|---|---|
| January 20, 2006 | ☒ Irreconcilable Differences  ☐ Other (specify) | ☐ Uncontested Hearing  ☒ Contested Hearing  ☐ Defaulted Hearing | ☒ Divorce  ☐ Legal Separation  ☐ Annulment |

| 23b. Date Decree Becomes Final (Month/Day/Year) | 24. Name of Hearing Official (Type or Print) (First, Last) | 24b Official Capacity |
|---|---|---|
| July 13, 2007 | Leonard S. Green | ☐ Judge  ☒ Master |

| 25. Name to be Used by Wife After Divorce: | 26 Legal Custody of Child/Children Awarded to: | 27. Number of Children Under 18 Whose Physical Custody Was Awarded to: (Specify) | 27b Physical Custody Award Was |
|---|---|---|---|
| ☒ Same as Present (9a)  ☐ Maiden (9b)  ☐ Other (specify) | ☐ Joint (Mother & Father)  ☒ Mother  ☐ Father  ☐ Other (specify)  ☐ Not Applicable | # one (Number) Joint (Mother & Father)  # (Number) Mother  # (Number) Father  # (Number) Other (specify)  ☐ Not Applicable | ☒ Uncontested  ☐ Contested  ☐ Defaulted  ☐ Not Applicable |

| 28a. Signature of Clerk of Superior Court. I certify that the above is correct to the best of my knowledge | 28b County | 28c Date Signed (Month, Day, Year) |
|---|---|---|
| John M. Safford  Clerk | Hillsborough | August 3, 2007 |

The attached decree and/or stipulation, if any, are be a part of this record.

John M. Safford
Clerk

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH COUNTY
NORTHERN DISTRICT

SUPERIOR COURT
DOCKET NO. 06-M-0096

IN THE MATTER OF:

Pamela Taber-McCarthy and Ricky C. McCarthy

DECREE OF DIVORCE

MASTER RECOMMENDS:

1. The Petitioner is granted a divorce on the grounds that irreconcilable differences have caused the irremedial breakdown of the marriage.

2. Parenting issues. The partial stipulations relative to parenting issues are approved and made part of this Court's order.

a. Issues in dispute. Decision-making. What is crystal clear from hearing all the evidence is that these two parents have a great love for their severely disabled daughter. For whatever reason, instead of building on this great love, they have used it as a wedge, a knife, a bludgeon to attack and attempt to destroy one another. Other than agreeing on their love for the child, and given the fact that there is a domestic violence order which has been extended, the Court cannot in good conscience order joint decision-making in this case.

The Court had serious difficulties with some of Mr. McCarthy's testimony. It appeared that he was less than forthright and truthful in presenting

62

his position.  It further appeared that Mr. McCarthy was ready to blame everybody but himself.  Mrs. McCarthy is not without fault in the power and blame game.  Mrs. McCarthy is a registered nurse.  That does not make her an expert in treating her own child.  The dynamics of both of the parties and their counsel in this case severely tested the patience of the Court.  It was not a good match, and did not engender a cooperative approach towards resolving the parties' issues.  The Court commends the Guardian ad Litem for his role in this case.

Given the above, sole decision-making authority is granted to the Petitioner, Pamela Taber-McCarthy.

b.  Residential placement.  Right now both parties reside in Manchester, New Hampshire.  It was indicated that the Petitioner may desire to relocate to a city or town contiguous to Manchester.  Petitioner shall be entitled to relocate to a town or city contiguous to Manchester, New Hampshire, without the necessity of further Court order.  However, if the Petitioner so relocates, nothing in this order bars the Respondent from seeking to change parenting time or placement of the child in the child's best interest.  The Court would point out to both parties that creating an appropriate environment and support network for a child who is severely handicapped takes a great deal of time, effort and energy.  Once school programs are in place, it is not necessarily easy to duplicate said services in a new environment.

3.  Child support.  The Court enters no order of child support.  The parties share approximately equal parenting time.  There is a slight variation in the

amount of earnings of the two parties. Respondent's request for child support is not appropriate. The Court concludes the request was more a power issue than a dollar and cents issue.

4. Mediation. All references by either party to mediation are struck. Both counsel should know better than to attempt to introduce said information into the court proceeding.

5. Pursuant to the order in the domestic violence petition, the parties can contact one another to provide a change of address and telephone number. Further, the Respondent is given the right to contact the child's teachers, doctors, and health care providers.

6. Partial stipulations. The partial stipulations signed by the parties are approved and made a part of this Court's order.

7. Remaining issues.

a. Motor vehicles. Mrs. Taber-McCarthy is awarded the 2002 Honda Odyssey free and clear of any and all claims of the Respondent. The Respondent is awarded the 1998 Honda Accord free and clear of all claim of the Petitioner. The Court accepts the representation that Mr. McCarthy's Honda Accord is worth $5,695.00 and has no lien on said vehicle. The Court also basically accepts the fact that there is little, if any, equity in the Honda Odyssey. Therefore, in order to balance the equities, upon the sale of the marital home, prior to any disbursement of funds between the parties, the first $5,695.00 shall be awarded to the Petitioner to offset the equity the Respondent has in the motor vehicle.

b. Attorney's fees.  If either party is in contempt, the other party shall be entitled to claim attorney's fees.  The Court is at a loss to understand why this was in dispute.  That is the law.

c. Retirement.  The parties agreed on the amount of the retirement and the effective date all parties utilized for figuring the same.  If it turns out that as of 1/16/06 the figures presented relative to Respondent's retirement plan of $105,070.65 is not accurate, the amount to be transferred can be adjusted either up or down reflecting the accurate figure.

The Petitioner agreed that her counsel will prepare the QDRO needed to transfer funds from the Respondent to the Petitioner.  The counsel for the Petitioner shall have the right to contact the Respondent's employer, Schleuniger, Inc., and obtain the appropriate information, valuation and forms that are necessary to effectuate an appropriate QDRO.  The Respondent shall execute all documents necessary to allow Petitioner's counsel to have access to this information.  Normally a QDRO is prepared by Respondent's counsel.  In this case the parties agreed differently, and that is their choice.  If the Court finds that there is any delay in signing authorizations to obtain information, a motion for contempt and appropriate sanctions will be entertained by the court.

d. Furniture and furnishings.  The parties entered into a partial stipulation concerning furniture and furnishings.  So ordered.  There were certain items in dispute.  The Petitioner is awarded the bureau and the nightstand.  The Respondent is awarded the brass lamps.  The Respondent is awarded the minor

4

child's maracas and drums.  The parties may share other such toys as they deem appropriate.

8.  The following requests of the Petitioner for findings or fact and rulings of law are granted:  1, 4, 5, 6, 8, 10, 11, 12, 13, 16, 17, 18, 21, 25, 26, 27, 28, 30, 31, 34, 35, 39, 42, 44, 47, 48, 49, 50, 54.  All other requests are denied.

9.  The following requests of the Respondent for findings or fact and rulings of law are granted:  1, 2, 3, 4, 6, 8, 9, 10, 11.  All other requests are denied.

DATE:  April 19, 2007

LEONARD S. GREEN,
Marital Master

Master's recommendation is approved.  Order entered in accordance therewith.

Date:  _18 April 2007_

Presiding Justice

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: ____Hillsborough County Superior Court, Northern District____

Case Name: _____In the Matter of Pamela Taber-McCarthy and Ricky McCarthy____

Case Number: _____06-M-0096_____

(if known)

## UNIFORM SUPPORT ORDER

| Name, Residence and Mailing Address of Person Ordered to Pay Support (Obligor) | Name, Residence and Mailing Address of Person Receiving Support (Obligee) |
|---|---|
| Pamela Taber McCarthy | Ricky McCarthy |
| 6 Arah Street | 489 Mammoth Road |
| Manchester, NH | Manchester, NH |

D.O.B. _6/29/61_ Telephone _____     D.O.B. _10/14/66_ Telephone _____

E-mail Address _____     E-mail Address _____

Name of Employer: __Easter Seals___     Name of Employer: ___Schleuniger, Inc.___

Address of Employer:                      Address of Employer:

_____            _87 Callin Drive, Manchester, NH___

Child to whom this order applies:

| Full Name | Date of Birth | Full Name | Date of Birth |
|---|---|---|---|
| Maura McCarthy | 6/21/00 | | |

NOTE: SECTIONS PRECEDED BY [ ] ARE ONLY PART OF THIS ORDER IF MARKED.

1. This order is entered:

    [X] after hearing

    [ ] upon approval of agreement

    [ ] upon default

2. This order is a:

    [ ] temporary order

    [X] final order

[ ] 3. This order modifies a final support obligation in accordance with:

    [ ] a three-year review (RSA 458-C:7) OR    [ ] substantial change in circumstances, as

follows:_____

_____

Case Name:  In the Matter of Pamela Taber-McCarty and Ricky McCarthy
Case Number:  06-M-0096
UNIFORM SUPPORT ORDER

4. Obligor is ORDERED to PAY THE FOLLOWING AMOUNTS:

[X]   **CHILD SUPPORT:** $ ~~207.00~~ O per __month__ (week, month, etc.)

[ ]   Arrearage of $ _____ as of _____ , payable $ _____ per _____ (week, month, etc.)

[ ]   Medical arrearage of $ _____ as of _____ , payable $ _____

       per _____ (week, month, etc.)

[ ]   **SPOUSAL SUPPORT (ALIMONY):** $ _____ per _____ (week, month, etc.)

[ ]   Arrearage of $ _____ as of _____ , payable $ _____ per _____ (week, month, etc.)

[ ]   Alimony shall terminate _____

5. Payments on all ordered amounts shall begin on  ~~immediately~~ *Root*  . All ordered amounts

   shall be payable to  [X] Obligee  [ ] Division of Child Support Services  [ ] Other _____

6. [ ]   This order complies with the child support guidelines. RSA 458-C.

   [ ]   This order, entered upon obligor's default, is based on a reasonable estimate of obligor's

          income. Compliance with the guidelines cannot be determined.  *See added*

   [X]   The following special circumstances warrant an adjustment from the guidelines: (see

          Instructions for these special circumstances and enter applicable circumstances below)

          The parties have shared residential responsibility. However, the obligor's income is substantially

          greater than obligee's. Therefore support is being set at the difference between that which the

          respective parties would be required to pay if he/she were obligor.

7. Support ordered is payable by immediate income assignment.

[ ] 8.  The Court finds that there is good cause to suspend the immediate income assignment

         because:

         [ ]   Obligor and obligee have agreed in writing.

         [ ]   Payments have been timely and it would be in the best interest of the minor child(ren)

[ ] 9A. Obligor is unemployed and **MUST REPORT EFFORTS TO SEEK EMPLOYMENT.**

         **(See Standing Order 9).**

[ ] 9B. Upon employment the Obligor shall bring the matter forward for recalculation of support.

         Failure to do so may result in a recalculated support order effective the date of employment.

[ ] 10. [ ] Obligor [ ] Obligee is ordered to provide health insurance to cover the child(ren)

         effective _____ .

[ ] 11. Health insurance coverage [ ] is not available through employment [ ] is available at $ _____

         per _____ (week, month) which amount is not deemed to be reasonable.

         [ ] Obligor [ ] Obligee shall immediately obtain coverage when health insurance becomes

         available at a reasonable cost.

Case Name:_____In the Matter of Pamela Taber-McCarthy and Ricky McCarthy_____
Case Number:_____06-M-0096_____
**UNIFORM SUPPORT ORDER**

[X]  12. Uninsured medical expenses shall be paid in the following percentage amounts:

        Obligor _____50_____% Obligee _50_____% Other _____%.

[ ] 13. Public assistance (TANF) or medical assistance (Medicaid) is or was provided for the children.

        Copies of pleadings related to medical coverage and child support were provided to the

        Division by mail to the Child Support Legal Office at 129 Pleasant Street, Concord, NH 03301.

[ ]  14. [ ] Obligor [ ] Obligee is adjudicated the father of the minor child(ren) named above. The clerk

        of the city(ies) of _____shall enter the name of the father on

        the birth certificate(s) of the child(ren). The father's date of birth is _____and his state

        of birth is _____.

[ ]  15. The State of _____has provided $ _____in public assistance for the

        benefit of the minor child(ren) between _____and _____for_____

        weeks. Obligor is indebted for the assistance in the total amount of $ _____.

[ ]  16. Variation to standing order (specify paragraph #), additional agreement or order of the court:

        _____

        _____

        _____

        _____

        _____

| Obligor | Obligee | Staff Attorney<br>Division of Child Support Services |
|---|---|---|
| Obligor's Attorney/Witness | Obligee's Attorney/Witness | |
| Date | Date | Date |

All paragraphs of this order (except those that have a check box and have not been selected) and all
paragraphs of the Standing Order, (except variations in paragraph 16) are part of this order and apply
to all parties.

**Recommended:**

_____  _____  _____
  Signature of Marital Master/Referee     Date      Name of Marital Master/Referee

**So Ordered:**

_____  _____  _____
  Signature of Judge            Date      Name of Judge

Case Name:_____

Case Number:_____

UNIFORM SUPPORT ORDER

# THE STATE OF NEW HAMPSHIRE
## UNIFORM SUPPORT ORDER — STANDING ORDER

**NOTICE: This Standing Order (SO) is a part of all Uniform Support Orders (USO) and shall be given full effect as order of the Court. Variations to paragraphs of the SO in a specific case must be entered in paragraph 16 of the USO and approved by the Court.**

(Paragraph numbers in the SO correspond to related paragraph numbers in the USO. Variations entered in paragraph 16 should reference the related paragraph number.)

## SUPPORT PAYMENT TERMS

SO-3A.    All prior orders not inconsistent with this order remain in full force and effect.

SO-3B. This order shall be subject to review and modification three years from its effective date upon the request of a party. Any party may petition the Court at any time for a modification of this support order if there is a substantial change in circumstances. Except as otherwise provided, the effective date of any modification shall be no earlier than the date of notice to the other party.

SO-4A.    An obligation for child support terminates when a child terminates his/her high school education or reaches the age of 18 years, whichever is later, or gets married, or becomes a member of the armed services.

SO-4B. The amount of child support may be recalculated according to the guidelines whenever there is a change in the number of children for whom support is ordered, upon petition of any party.

SO-4C.    In cases payable through DCSS, if there are arrearages when support for a child is terminated, payments on the arrearages shall increase by the amount of any reduction of child support until the arrearages are paid in full.

SO-4D.    Pursuant to RSA 161-C:22, III when an assignment of support rights has terminated and obligor and the recipient of public assistance reunite, obligor may request a suspension of the collection of support arrearage owed to the state under RSA 161-C:4. So long as the family remains reunited and provided that the adjusted gross income of the family as defined by RSA 458-C is equal to or less than 185% of the Federal poverty guidelines as set by the United States Department of Health and Human Services, DCSS shall not take any action to collect the support arrearage owed to the State.

SO-4E.    If the collection of a support arrearage pursuant to RSA 161-C:4 is suspended, the obligor shall provide DCSS with a financial affidavit every six months evidencing the income of the reunited family and shall notify his or her child support worker in writing within ten days of any change in income or if the family is no longer reunited. Failure to report changes in income or in the status of the family as reunited or to provide a financial affidavit shall cause the suspension of collection to terminate.

SO-4F.    **Each party shall inform the Court in writing of any change in address, within 15 days of the change, so long as this order is in effect.** Service of notice of any proceeding related to this order shall be sufficient if made on a party at the last address on file with the Court. A party who fails to keep the Court informed of such a change in address, and who then fails to attend a hearing because of the lack of notice, may be subject to arrest.

SO-5A.    If no date appears in paragraph 5 of the USO, the first support payment shall be due on the date this order is signed by the Judge.

SO-5B. If support is payable through the New Hampshire Division of Child Support Services (DCSS), DCSS is authorized and directed to collect all sums, including any arrearages, from the obligor and forward the sums collected to the obligee or person, department, or agency providing support to the children named in the USO. Any payment shall be applied first as payment towards the current support obligation due that month and second towards any arrearages.

SO-5C.    If support is ordered payable directly to the obligee, it can only be made payable through DCSS at a later time if (1) the children named in the USO receive assistance pursuant to RSA 161 or RSA 167; (2) a party applies for support enforcement services and certifies to DCSS that (a) an arrearage has accumulated to an

Case Name:_____

Case Number:_____

## UNIFORM SUPPORT ORDER

amount equal to the support obligation for one month, or (b) a court has issued a protective order pursuant to RSA 173-B or RSA 461-A:10 which remains in full force and effect at the time of application; or (3) a court orders payment through DCSS upon motion of any party that it is in the best interest of the child, obligee, or obligor to do so. RSA 161-B:4.

**SO-5D.**   Collection by DCSS on any arrearage may include intercepting the obligor's federal tax refund, placing liens on the obligor's personal and real property including qualifying financial accounts. Federal tax refund intercept and lien remedies shall be used to collect arrearages even if an obligor is complying with the child support orders. Pursuant to 45 CFR 303.73 (h) any federal tax refund intercept shall be applied first as payment towards the past due support assigned to the State.

**SO-5E.**   In all cases where child support is payable through DCSS, obligor and obligee shall inform DCSS in writing of any change of address or change of name and address of employer, within 15 days of the change.

**SO-5F.**   In all cases where child support is payable through DCSS, obligor and obligee shall furnish their social security numbers to the Department.

## INCOME ASSIGNMENT

**SO-7A.**   Until such time as an income assignment goes into effect, payments shall be made as follows: (1) if the case is not payable through DCSS, directly to obligee, or (2) if support is payable through the DCSS by use of payment coupons available at the local DCSS office. An income assignment will not go into effect for selfemployed obligors as long as they do not receive income as defined in RSA 458-B:1, paragraph IX. Future income will be subject to assignment if the case is payable through DCSS.

**SO-7B.**   If a parent is ordered to provide health coverage for Medicaid-eligible child(ren), he or she must use payments received for health care services to reimburse the appropriate party, otherwise his or her income may be subject to income assignment by DCSS. RSA 161-H:2(V).

**SO-7C.**   Increased income assignment for the purposes of payment on arrearages shall continue until such time as the arrearages are paid in full.

**SO-8.**   Whenever an income assignment is suspended, it may be instituted if a Court finds obligor in violation or contempt of this order OR after notice and the opportunity to be heard (RSA 458:B-5 & 7), when DCSS begins paying public assistance for the benefit of a child OR when an arrearage amounting to the support due for a one-month period has accrued.

## REPORT CHANGES OF EMPLOYMENT

**SO-9A.**   If support is payable through DCSS, obligor shall report in writing monthly, or as otherwise ordered by Court, to DCSS, and shall provide details of efforts made to find a job. Efforts to obtain employment shall include registering with New Hampshire Employment Security within two weeks of the date of this order. The obligor shall immediately report employment to DCSS in writing.

**SO-9B.**   Immediately upon employment the obligor shall report to the obligee, in writing, details of employment, including name and address of employer, the starting date, number of weekly hours and the rate of pay.

## HEALTH INSURANCE PROVISION

**SO-10.**   A party providing or ordered to provide health insurance for the child(ren) shall give the other party sufficient information and documentation to make sure insurance coverage is effective. If support is payable through DCSS, or if there has been an assignment of medical support rights to DCSS, the information and documentation shall be provided to DCSS. In addition, obligor shall inform DCSS in writing when health insurance is available, obtained or discontinued.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Court Name:   Hillsborough County Superior Court Northern District
Case Name:    In the Matter of Pamela Taber-McCarthy and Ricky C. McCarthy
Case Number:  06-M-0096

PARTIAL Stipulation

### ~~FINAL DECREE~~ ON PETITION FOR DIVORCE OR LEGAL SEPARATION

**This decree is (choose one):**

☐ Agreed upon    ✔ Proposed by Pamela McCarthy ___    ☐ Ordered by Court

1. **Type of case: (choose Divorce of Legal Separation)**

   ✔ DIVORCE:
   A decree of divorce is granted to the ✔ petitioner ☐ respondent ☐ parties based on:
   ✔ Irreconcilable differences that have caused the irremediable breakdown of the marriage; or

   ☐ Grounds stated in the petition. Cross petition, if any, is dismissed.

   ☐ LEGAL SEPARATION:
   A decree of legal separation is granted to ☐ petitioner ☐ respondent ☐ parties based on:
   ☐ Irreconcilable differences that have caused the irremediable breakdown of the marriage; or

   ☐ Grounds stated in the petition. Cross petition, if any, is dismissed.

2. **Parenting Plan and Uniform Support Order**    ☐ N/A
   ✔ See attached Parenting Plan and Uniform Support Order ; *Issue of Decision making and School Placement to be decided by court*
   *Partial Stipulated*

3. **Tax Exemptions for Children**
   ✔ The parties shall claim the minor child(ren) as dependent(s) for all income tax purposes, in the following manner:

   ✔ Wife shall be entitled to claim _Maura McCarthy_ as her tax dependant in ☐ all ☐ even ✔ odd years.

   ✔ Husband shall be entitled to claim _Maura McCarthy_ as his tax dependant in ☐ all ✔ even ☐ odd years.

   ☐ A parent may only claim a child as a dependent if that parent is current on

-1-

child support for the applicable tax year.

**4.**  **Guardian *ad Litem* Fees**                  ❏ N/A
    ✔  See Order on Appointment of Guardian *ad Litem*
    ❏  Other: _____

**5.**  **Alimony**                                  ✔ N/A
    ❏  _____ shall pay the sum of $_____ per _____ as alimony. This
    obligation shall terminate: _____. See attached Uniform Support Order.

**6.**  **Health Insurance for Spouse**              ❏ N/A
    ✔  Each party shall be responsible for their own medical and dental insurance and for
    paying all of his/her own unreimbursed medical, dental, optical, and other
    expenses not otherwise covered by insurance.  Health insurance shall be
    maintained until Pamela Taber-McCarthy confirms that she has procured
    insurance after receipt of the decree.
    ❏  _____ shall maintain health insurance for the benefit of _____
    ❏  _____ shall be responsible for payment of the premiums.
    The above obligation shall terminate: _____

**7.**  **Life Insurance**                           ❏ N/A
    ✔  Each party is awarded any and all life insurance policies owned by that party, free
    and clear of any right, title, or interest of the other.
    ❏  _____ shall maintain a life insurance policy in the minimum
    amount of $_____ designating _____ as trustee for the benefit of
    the child(ren). This obligation shall continue as long as the insured is obligated to
    pay support.
    ❏  Other: _____
    _____

**8.**  **Motor Vehicles**                           ❏ N/A
    ❏  Each party is awarded the vehicles in his/her name or possession, free of any right,
    title or interest of the other.
    ✔  Rick McCarthy_____ is awarded the 1999 Honda Accord and the
    1988 motorcycle_____ free and clear of any interest of any claim, right, title
    or interest of Pamela Taber-McCarthy
    ✔  Pamela Taber-McCarthy_____ is awarded the 2002 Honda Odyssey_____
    free and clear of any interest of any claim, right, title or interest of Rick
    McCarthy
    ✔  Each party shall be responsible for all expenses as to his/her vehicles, including
    car payments, maintenance, registration and insurance. Rick shall pay down one
    half of the Honda loan as part of the marital homestead sale.

-2-

**9.**    **Furniture and Other Personal Property**      ❑ N/A

Disputed

❑    The parties have already fairly divided between themselves their household furniture, furnishings and all other tangible property (other than as specifically set forth below), and each party is awarded that property currently in his/her possession, free and clear of any interest of the other. ·

✔    Wife is awarded the following specific items of personal property:
     See attached list. _____

_____

✔    Husband is awarded the following specific items of personal property:
     See attached list. _____

_____

**10.**    **Retirement Plans and Other Tax-Deferred Assets** ❑ N/A

Disputed

❑    Each party is awarded any interest in any pension, retirement, 401(k), IRA, or other retirement account that each may have and as shown on their respective financial affidavits free and clear of any interest of the other.

✔    Pamela Taber-McCarthy is awarded one-half of Ricky McCarthy's IRA and/or 401(k) as of the date of this decree reduced by the amount of her IRA and/or 401K which would go to him. This amount is $33,465.32. See attached figures.

❑    _____ is awarded one-half of _____ 's pension plan which accrued between the date of the marriage and the date of the filing of the petition for divorce pursuant to the Hodgins formula. Subject to the above distribution, _____ is awarded all other right, title and interest in his/her pension plan free of any further interest of _____

✔    A Qualified Domestic Relations Order (QDRO) shall be prepared by Pam's attorney within a reasonable period of time from the date of this decree and filed with the Court for approval.

❑    Other: _____

**11.**    **Other Financial Assets**     ·     ❑ N/A

Agm Rich

✔    The parties are awarded their respective checking and/or savings bank accounts, credit union accounts, certificates or deposits and the like, and all similar accounts as shown on the individual financial affidavits filed with the court.

❑    Wife is awarded the following bank accounts, stocks, bonds, mutual funds or other intangible personal property: _____

❑    Husband is awarded the following bank accounts, stocks, bonds, mutual funds or other intangible personal property: _____

❑    Other: _____

_____

**12.**    **Business Interests of the Parties**      ✔ N/A

Agm Rich

❑    _____ is awarded all right, title, and interest in the business known as _____ free of any claim or interest of the other party.

_____ shall be entitled to receive all profits from the business.
_____ shall transfer all property interest and stock to _____
_____ forthwith and shall resign as an officer or director in the business
forthwith.

❑ Other: _____

13. **Division of Debt** ❑ N/A

✔ The parties shall each be responsible for any debt they have incurred after the date
of separation, holding each other harmless of the same.

❑ The parties' joint marital debt shall be divided as follows:

Wife shall assume and be solely responsible for the following marital debts and
obligations incurred during the marriage: _____
_____

Husband shall assume and be solely responsible for the following marital debts and
obligations incurred during the marriage: _____
_____

14. **Marital Home** ❑ N/A

❑ _____ is awarded all right, title and interest in the real estate located at:
_____ free of any right, title or interest of
the other party. _____ shall be responsible for the payment of the
mortgage , insurance, and real estate taxes for this property and all expenses for
this property.

❑ _____ shall refinance the mortgage on the home so as to remove the
other party's name from the mortgage by _____ or the home will be
placed on the market and sold.

✔ The marital home shall be listed with Lee Fitzgerald Realty (Liz Verity) and sold
and, upon sale, the net proceeds shall be divided equally between the parties. Rick
McCarthy shall cooperate and sign all necessary paperwork to list the property
immediately.

✔ Other: ½ of the outstanding obligation on the Honda loan shall be satisfied from
Rick's proceeds of the sale of the home.

15. **Other Real Property** ✔ N/A

❑ The real estate located at _____ is awarded to
the _____, free of any right, title or interest of the other party, but
subject to any encumbrance thereon.

❑ Other: _____
_____

-4-

**16.** **Enforceability after Death**                    ❏ N/A
   ✔   The terms of this decree shall be a charge against each party's estate.

**17.** **Signing of Documents**                         ❏ N/A
   ✔   Each party shall, within thirty (30) days, sign and deliver to the other party any
       document or paper that is needed to fulfill or accomplish the terms of this decree.

**18.** **Restraining Order**                            ✔ N/A
   ❏   Other: _____

**19.** **Name Change (Divorce Only)**                   ✔ N/A
   ❏   _____ may resume use of her/his former name: _____

**20.** **Other Requests**
   ✔   **Attorney's Fees:** Any party that unreasonably fails to comply with this decree or
       other court orders (including "Uniform Support Order") shall be responsible to
       reimburse the other party for whatever costs, including reasonable attorney's fees,
       that may be incurred in order to enforce compliance.

   ❏   **Tax Refunds:** Any tax refund or debt due or anticipated by the parties resulting
       from their having filed a joint federal and/or state income tax return for this or any
       prior year shall, upon receipt, be endorsed by both parties and equally distributed
       between them.
   ❏   Other: _____
       _____

   ✔   **Disclosure of Assets:** The parties warrant that they have fully disclosed all assets
       within their knowledge on their respective Financial Affidavit, specifically
       including any pension, profit sharing or retirement account, along with reasonable
       estimated values of each asset. The financial information contained on each party's
       Financial Affidavit has been relied upon by the other party.

   ✔   **Mutual Releases:** Other than as set forth in this decree or other order of this court
       (including "Uniform Support Order") each party releases and agrees to defend,
       indemnify and hold the other harmless from any and all claims of any nature
       whatsoever arising out of the marriage (including any claim for alimony).

   ✔   **Obligations:** Unless specifically mentioned in this decree, each party shall be
       solely responsible for any bills, obligations or other indebtedness that he or she has
       charged or incurred before or during the marriage.

   ✔   **Change in address or employment:** Each party shall promptly notify the other of

-5-

any change in his/her address or telephone number, and of any material change in employment as long as there are any continuing obligations under this decree. "Material change" will include availability of medical, dental or life insurance and any substantial increase or decrease in earnings or other income.

☐   **Miscellaneous:** _____

_____

I/we believe that this is a fair and reasonable resolution of all the issues related to our marriage. I/we request that the Court approve this decree and incorporate all of its terms and conditions as part of the Decree of Divorce or Decree of Legal Separation.

_Kathleen A. Sternenberg_                   _Pamela J. Taber-McCarthy_  4/15/07
Witness/Attorney for Petitioner              Petitioner Signature          Date

_Kevin S. Buchholz_                          _____      5/16/07
Witness/Attorney for Respondent              Respondent Signature         Date

This decree is proposed by _Pamela Taber-McCarthy_ . I certify that on this date I mailed/delivered a copy of this document to _Kevin Buchholz_ (the other party) or to _____ _____ (the other party's attorney).

_4/15/07_                                    _Kathleen A. Sternenberg_
Date                                         Signature

**Recommended:**

_____         _4/16/07_        _Leonard S. Green_
Signature of Marital Master      Date             Name of Marital Master

**So ordered:**

_____         _19 April 2007_   _____
Signature of Judge               Date             Name of Judge

-6-

# 1Upstairs Master Bedroom

PAM 1) Bureau - 4 drawer (Solid Cherry wood) *Disputed JEB RM*
   1) Dresser with Mirror- 9 drawer  (Solid Cherry wood)
   2) Night Stands 3 Drawer  (Solid Cherry wood) ~~and~~ *Disput RM*
   1) Cedar Chest (Solid Cedar wood)
   1) Head Board (Solid Cherry wood)
   1) Foot Board (Solid Cherry wood)
   1) 2-Piece Box spring  (Queen sized bed)      Purchased new in 2000
   1) Mattress 10" (Queen sized bed)      Purchased new in 2000

RICK-2) Brass lamps w/shades   *DISPUTED*
RICK-1) Eagle, Fiber optic lamp  (Given to Rick by his father)
RICK-1) Misc. GUNS  (See listings for guns)
~~PAM 1) Misc. Jewelry  (Located on mirrored dresser)~~
   ~~1) Mirrored plate for jewelry~~
   ~~1) Misc. Yankee Candles~~
   ~~1) Alarm clock~~
   ~~1) Crib  (Maura's crib with bedding)~~
   ~~1) Misc. Clothing  (Pamela's clothing)~~
   ~~1) Misc. Clothing  (Rick's clothing)~~
   ~~1) Misc. Beach bag  (Misc. Go to the Beach items)~~
   ~~1) Humidifier (Room Humidifier)~~
   ~~1) Bed sheets  (Two sets Queen sized bed sheets)~~
RICK 1) Window sized air conditioner
   ~~2) Window curtains~~
   1) Misc. Photographs  *< ALL W/ RICK OR RICK's FAMILY >*
   ~~1) Leather 2 faces 3D picture~~
   ~~1) Misc. XXX items  (Located in Night Stand)~~
   ~~1) Camcorder  (VHS-C)~~
RICK 1) Misc. VHS-C camcorder Prerecorded Tapes  (Family events) *< ANY RICK RELATED >*
   ~~1) Baby Monitor~~
   1)
   1)
   1)


# Upstairs hall closet

   ~~1) Misc. Winter Blankets   (Several blankets Rick's grandmother, hand made)~~
   ~~1) Misc. Bath towels  (Two complete sets of bath towels)~~
   ~~1) Misc. Sets  BED sheets~~
   ~~1) Misc. Games~~
   ~~2) Misc. Pillows~~
   1)
   1)
   1)

# Bathroom Upstairs

1) ~~Large door mirror~~
1) ~~Plant and plant stand~~
1) ~~Medicine cabinet W/ Misc.Items~~

# Closet in living room

1) ~~Heating Pad~~
1) ~~First Aid Kit~~
1) ~~Misc.  Massagers / Creams  (Foot, Back)~~
1) ~~Misc.  Medicines and supplies  (Children's and Adult)~~
1)
1)
1)

# Emily's Room

1) ~~Misc. Maura's clothing in Emily's closet  (Dresses / Nice outfits)~~
PAM 1) Window sized air conditioner
1)
1)

# Kitchen

1) ~~Stove~~
1) ~~Refrigerator~~
1) ~~Dishwasher~~
2) ~~Dishes (2 complete sets of dishes)  Good China and everyday dishes~~
1) ~~Misc. Pots, Pans/ Baking pans~~
1) ~~Misc. Cooking utensils~~
1) ~~Misc. Cooking knives  (Butcher Block)~~
1) ~~Blender~~
1) ~~Toaster~~
1) ~~Microwave~~
1) ~~Electric Can Opener~~
1) ~~Electric cutting Knife~~
1) ~~Coffee Maker~~
RICK 1) Small blenders/ Choppers  (New)
1) ~~Under the counter radio~~
1) ~~George Forman -like- Grill~~
1) ~~Misc.  Tupperware  (Bowls, Utensils)~~
1) ~~Misc. Cookbooks~~
1) ~~Misc.  Drinking Glasses (2 Sets)~~
1) ~~Black Table  (Plant table stand)~~
1) ~~Corner Floor lamp~~
1) ~~Kitchen Table w/4 Chairs~~
1) ~~Wine Rack  ( 9 Bottles variety wine)~~
1) ~~Misc.  Plants~~
1) ~~Wall Clock~~

1) ~~Misc. Multiple kinds of cleaning agents under kitchen sink~~
1)
1)
1)

# Living Room

1) ~~Clock (Wall Clock)~~
1) ~~TV~~
1) ~~VCR~~
**PAM** 1) DVD Stereo system with speakers
1) ~~Play Station #1  w/ Misc. Games and accessories~~
1) ~~Fish tank  w/Tank Stand, filter and supplies. MORE supplies in basement.~~
2) ~~Wedding pictures in CHERRY WOOD FRAMES on wall~~
1) ~~Wedding Scrap book picture signed by family and friends~~
2) ~~Large/ Tall potted plants~~
9) ~~Smaller potted plants on top of entertainment center, in staircase and sitting on the floor.~~
1) ~~Leather Sofa~~
1) ~~Leather Love Seat~~
1) ~~Leather Chair~~
2) ~~Cherry wood End Tables~~
1) ~~Cherry wood Coffee Table~~
2) ~~Red table lamps (end table)~~
1) ~~Guinness Book of world records~~
1) ~~Chinese Meditation balls in wood box~~
**RICKS** 1) Misc. Books on entertainment center
1) Misc. VCR Tapes on entertainment center (Qty: ~~50~~)
1) Misc. DVD movies on entertainment center  (Qty: ~~14~~)
**PAM** 1) Misc. Framed Photographs and photo's albums underneath entertainment center.
12) ~~Yankee Candles (Large Jar Candles)~~      HS Photo albums
**PAM** 14) Videos  (Baby Einstein VHS – Videos)      Emily's
1) ~~Magazine rack~~
4) ~~Window Curtains w/ shades~~
1) ~~Decoration that hangs on the wall above the fish tank~~
1)
1)
1)

*ANY RICK PERSONAL ITEMS TO RICK*

# Spare Room downstairs

**PAM** 1) Diaper changing table (Custom design and built by Rick) – *TO BE RETURNED WHEN MAURA IS NO LONGER USING*
**RICK** 1) Set of 4 Wood Tray Tables w/ holder

# Bathroom Downstairs

**PAM** 1) Portable Radio / Cassette Player
1) ~~Bath chair  (Maura's)~~

## Basement

PAM 3) BOXES -Christmas Ornaments and Misc. decorations
RICK 1) Clock (Small on wall)
RICK 1) Camping gear (Sleeping bags x2, Stove, Supplies,
RICK 1) Tent Yellow (Protection Tent)

PAM'S COLLECTION IS HERS
TO BE
SHARED W/ RICK BY PAM
WHEN SHE NEXT GOES
THROUGH THEM

EXCEPT FOR EMILY'S
GIRL SCOUT CAMPING
EQUIPMENT
AND COLEMAN COOLER

## Garage

PAM 1) Snow Blower GAS (Simplicity)
~~4) Chairs (Portable fold out chairs with carry bags)~~
PAM & RICK 6) Extension Cords (Orange - Vary in length) 1/2 to be shared
SHANE 1) Vinyl Siding Saw (~~Shane Schmidt - See attached list~~) Vinyl siding to be used to repair house, remainder to Shane/Rick
RICK 1) Misc. Rakes, Shovels, Snow Shovels and other misc. yard tools.
PAM   1/2 to be shared ✓

## Outside Items

RICK + PAM 4) Garden Hoses (Newly Purchaced) TO BE SHARED 1/2
PAM 1) Wheel Barrow (Red Plastic)
RICK 3) Trash Cans (1-Plastic 2-Metal) →PAM
RICK 2) Metal tubs

Agreed upon:
April 17, 2007

Pamela J. Faber - McCarthy

Kathleen A. Sternenberg

# 1 Upstairs Master Bedroom

1) Eagle, Fiber optic lamp (Given to Rick by his father)
1) Misc. GUNS (See listings for guns)
1) Misc. Clothing (Rick's clothing)
1) Window sized air conditioner
~~1) Misc. XXX items (Located in Night Stand)~~

# Upstairs hall closet

1) Misc. Winter Blankets (Several blankets Rick's grandmother, hand made)
1) Misc. Bath towels (Two complete sets of bath towels)
1) Misc. Sets BED sheets (*Double bed*)
2) Misc. Pillows (*2 in closet*)
~~) playstation/games & Cable~~
~~1)Computer games & Software~~
1)

# Bathroom Upstairs

# Closet in living room

1) Heating Pad
1) First Aid Kit

# Emily's Room

# Kitchen

1) Microwave
1) Electric Can Opener
1) Electric cutting Knife
1) Coffee Maker
1) Small blender~~/ Choppers (New)~~ *father gave them*
1) George Forman -like- Grill
1) Black Table (Plant table stand)
1) Corner Floor lamp
1) Kitchen Table w/4 Chairs
1) Misc. Plants
1) Wall Clock

# Living Room

1) Clock (Wall Clock)
1) Play Station #1 w/ Misc. Games and accessories

1) Fish tank w/Tank Stand, filter and supplies. MORE supplies in basement.
1) Wedding Scrap book picture signed by family and friends
2) Large/ Tall potted plants
9) Smaller potted plants on top of entertainment center, in staircase and sitting on the floor.
1) Guinness Book of world records
1) Chinese Meditation balls in wood box
1) Magazine rack
1) Maura's Toy box

## Spare Room downstairs

1) Diaper pail
1) Alarm clock  (Rick,s)
1) PINE Wood Night stand Rick made in high school
1) Small book rack w/ 2 Drawers
1) IBM Computer w/ Software, Speakers, Monitor, Mouse
1) HP Flat Bed Scanner
1) Computer Table  (Birch in color)
1) Electric Guitar in protective case
1) Brass Head Board
1) Full Sized Mattress
1) Full Sized Boxspring
1) Bureau ( 4 Drawer)
1) Bubble Gum Machine
1) Bucket of Saved Loose Change  (Maybe $35.00 Total)
1) Small Guitar Amplifier
1) Plastic portable Tray Table  (Green)
1) Rick's (Personal) Paper work (Black 2 drawer file cabinet) — PAM'S
6) Beer Glasses  Rick's X-mas gift (Parents)
1) BBQ tool set in wood case

## Bathroom Downstairs

## Basement

2) Talk About  (Walki-Talkies)
1) Garmin Hand Held GPS
1) Drum set ( Bass Drum, Hi-Hatt, Snare, Floor Tom, Tom-Tom and 2 Cymbals)
1) Ovation Guitar Amplifier
1) Peavey Guitar Amplifier
1) Small Amplifier
1) Upright Vacuum
1) Dirt Devil Vacuum
2) PA System (Speakers, Control Board)
1) Misc. Guitar cables and cords (In a milk crate)

1) Misc. CD's  (Country Music CD's in a Rack)  (Rick's)
2) Picture framed posters (Guitar Chords, Country Stars)
1) Personal Photograph's and Paper Work (Rick's)  (In a BOX)
2) Folding Tables ( 4 feet long / 6 feet long)
1) Desk Chair  (Black)
3) Book Shelves  (Metal)
1) T.V set  19"
2) Chairs (Very old and moldy and should not be kept)
1) Couch  (Very old and moldy and should not be kept)
1) Coffee Maker  (Black)
1) Misc. Box of Cassette Tapes  (Ricks-Tapes)
1) Misc. Paint cans and chemicals on metal shelf
1) Fishing gear  (Poles, Tackle boxes x 2)
1) Compound Hunting BOW  (Jennings bow with arrows and accessories)
1) Wood Gun Rack  (Rick made this in High School)
1) Guitar (Bass Guitar)
1) Guitar (Electric Guitar)
1) Misc. Military clothing and duffle bag.
1) Misc. OLD out dated computers for repair
1) Box containing Automotive supplies  (Cleaning and repair parts)
1) Box containing office supplies   (Paper, Pencilies, Rubber Stamps, Ect.)
2) Drawers- Under laundry counter  (Misc. Items.  Music ++)
1) Atari 2600   (Misc. games and controllers)
1) Beer Making kit and accessories
2) Portable 110v clamp on table lights
2) Fire Extinguisher
3) Plastic Lawn   Christmas figures
1)   Military Paper Work (Rick's)
1) Misc. Small tools and items (any tools given by Pam's father will be hers)

# Garage

1)  100 amp Power panel not currently hooked up  (Mounted on wall)
1)  Misc. Copper wire  (Scrap)
1)  Misc. Aluminum (Scrap)
1)  1996 Kawasaki Motorcycle (454 LTD)  (Rick,s Brand New in 1996)
1) ~~Weed Trimmer GAS (Sears)~~ PAm's
1)  Chain Saw GAS (Broken) (Sears)
1)  Leaf Blower  (Sears)
1)  Hedge Trimmer 20"
1)  RotoTiller  (My fathers on loan to us)
4) PVC Chairs
2) Saw Horses (Shane Schmidt)
1) Table Saw  (Sears Craftsman)  Rick's for over 20 Years...
1) Radial Arm Saw  (Sears Craftsman)  BROKEN Does Not Work
3) Work Benches ( 1 with Bench Vise, 1 with Back Rack, 1 with slide out shelf
1) Radio w/ Cassette Player
1) Moose Antler (Gift to Rick)
1) Misc. Signs hanging up on the wall above the doors

6) Extension Cords (Orange - Vary in length) *(PAm will get /2)*
1) Vinyl Siding Saw (Shane Schmidt – See attached list)
1) Misc. Wood (Construction Materials)
4) NEW Tarps (Blue)
2) Ladders ( Wood, Metal- Blue in color)
1) Fabric Roll used to reupholster furniture
1) Automobile Jack
2) Automobile Jack Stands
1) Misc. Oil / Oil filter changing tools and equipment
1) Tool Box (Large Red Box)
1) Plumbing Tool Box (Plumbing Tools and supplies)
1) Electrical Tool Box (Electrical Tools and supplies)
1) Misc. Flower planting pots and supplies
1) Dremil Tool (Case and accessories)
1) Stanley Reciprocating Saw
1) 7 ¼ Circle Saw w/ blades
1) Dado cutting blades
1) Rotary Stripping tool
2) Small parts storage containers
1) Misc. Hardware (Nuts, Bolts)
1) Misc. Nails (Assorted Sizes)
1) Portable sump pump
2) Work benches
1) Shelf (Green) Storage

# Outside Items

1) Table and 4 Chairs W/umbrella
1) Wooden Swing (2 Seater)
1) Canoe (18' Ameilight Fiber Glass - Canoe w/ ores and PFD) Rick's since 1987
1) Wood pile
1) 40 foot aluminum ladder (Shane Schmidt)
1) Wood pile behind garage
1) BBQ Grill w/ 2 propane tanks

### Items given by Pamela to Shane to give to Rick on 12-4-06

1) Small guitar Amplifier
2) Acoustic Guitars
2) Music Book binders (Ricks)
1) Misc. Clothing (Rick's)
1) Misc. Personal toiletries
1)

OVIR

agreed upon:

4/17/07          Pamela J. Faber — McCarthy

                 Kathleen A. Sternenberg

**HILLSBOROUGH, SS**
**NORTHERN DISTRICT**

**SUPERIOR COURT**
**APRIL TERM, 2007**

## IN THE MATTER OF PAMELA TABER-MCCARTHY AND RICKY C. MCCARTHY

### DOCKET NO. 06-M-0096

### STIPULATED PARTIAL PARENTING PLAN

This parenting plan is (*choose one*):

    ✔ Agreed upon ☐ Proposed by＿＿＿＿＿＿＿＿＿    ☐ Developed by Court

                                          (parent's name)

This parenting plan is (*choose one*):

    ☐    Temporary. The completed paragraphs apply until this case is concluded.  If you are requesting a temporary order on parenting issues, you should include as many of these parenting plan topics as you will need to carry your family through until all parenting issues are resolved.

    ✓    Final. All completed paragraphs shall be incorporated in the Court's final order.

    ☐    Changing a prior final parenting plan or a prior final custody/visitation order.

**The parental rights and responsibilities statute, RSA 461-A, requires any party in a divorce, legal separation, or parenting (formerly known as "custody") case to file a parenting plan, whether s/he is seeking an order establishing parental rights and responsibilities or an order modifying such rights and responsibilities. As you complete the Parenting Plan, please bear in mind this state's policy (below) as set forth in RSA 416-A:2. This policy will guide the Court in making decisions affecting your parental rights and responsibilities.**

Because children do best when both parents have a stable and meaningful involvement in their lives, it is the policy of this state, unless it is clearly shown that in a particular case it is detrimental to a child, to:

(a)    Support frequent and continuing contact between each child and both parents.

(b)    Encourage parents to share in the rights and responsibilities of raising their children after the parents have separated or divorced.

(c)    Encourage parents to develop their own parenting plan with the assistance of legal and mediation professionals, unless there is evidence of domestic violence, or child abuse/neglect.

(d)    Grant parents and courts the widest discretion in developing a parenting plan.

(e)    Consider both the best interests of the child in light of the factors listed in RSA 461-A:6 and the safety of the parties in developing a parenting plan.

This parenting plan is for the following child(ren):

| Full Name: | Date of Birth | Full Name | Date of Birth |
|---|---|---|---|
| 1. Maura McCarthy | 6/21/00 | 4. | |
| 2. | | 5. | |
| 3. | | 6. | |

-1-

69

**A.** Decision-Making Responsibility

    1.    <u>Major Decisions</u>:  These include, but are not limited to, decisions about the child(ren)'s education, non-emergency health and dental care, and religious training: (***Choose one***)

        ☐    (a)  Joint Decision Making: Both parents shall share in the responsibility for making major decisions about the child(ren).

        ☐    (b)  Sole Decision Making:_____ (parent's name) shall have sole decision-making authority on major decisions about the child(ren).

    2.    <u>Day-To-Day Decisions</u>:  Each parent will make day-to-day decisions for the child(ren) during the time he/she is caring for the child(ren).  This includes any emergency decisions affecting the health or safety of the child(ren).  Emergency decisions made by one parent will be shared with the other parent as soon as reasonably possible.

    3.    <u>Other Provisions:The parties shall use a log book for everyday communications involving Maura.  They shall speak by phone when necessary due to emergent issues.</u> ~~through a third party~~

**B.** Residential Responsibility & Parenting Schedule

    1.    <u>Routine Schedule</u>: (***choose one***)

        ☐    (a) The child(ren) shall reside solely with _____ (parent's name).

        ☐    (b)  The child(ren) shall reside primarily with _____ (parent's name), except for the following days and times when the other parent shall have parenting time with the child(ren):

        _____

        ✓    (c)  The above choices do not fit this parenting situation.  Instead, the parents shall have equal or approximately equal residential responsibility for the minor child(ren) as follows:

        <u>Each parent shall alternate Monday/Tuesday and Wednesday/Thursday week to week and each shall have alternating Friday/Saturday/Sunday periods.  This ~~schedule shall be~~ interrupted by the holiday schedule and vacation schedule.The parties shall use 5 p.m. Sunday, Tuesday and Thursday as transfer time in the event that there is no school the next day.  Otherwise, when school is in session, the parent with Maura shall drop her at school the next day, ie Monday, Wednesday and Friday mornings.</u>

    2.    <u>Holiday and Birthday Planning</u>: (***choose (a), (b), or (c)***)

        ☐    (a)  No holiday and birthday schedule shall apply. The routine schedule set forth above shall apply.

        ☐    (b)  Holiday and birthday parenting time shall be as the parties agree.

        ✓    (c)  The holidays and birthday(s) listed below should be shared as described.  Specify start and end times and days/dates as necessary.  (For example,

Thanksgiving. Mother – even years, Father – odd years, starting on the Wednesday prior to Thanksgiving at 6:00 p.m., ending the Friday after Thanksgiving at 6:00 p.m.). Parenting time on holidays and birthdays which are not checked and described shall be according to the routine schedule set forth above. _until school class off the next day_

PJM

RCM

- ✓ Mother's Day_with Pam Taber-McCarthy from 9:00 a.m. to 5:00 p.m._ _until school class of the_
- ✓ Father's Day_with Ricky McCarthy from 9:00 a.m. to 5:00 p.m._ _until school class_
- ✓ July 4th_alternating years; even with Ricky; odd with Pam McCarthy_
- ✓ Thanksgiving_alternating years; even with Ricky McCarthy; odd with Pam_ _the_
- ✓ Christmas Eve_with Ricky McCarthy 10:00 a.m. to 10:00 a.m. Christmas_ _next_ _Day_ _day_
- ✓ Christmas Day_from 10:00 a.m. with Pam McCarthy until 10:00 a.m. the_ _next day_
- ✓ Mother's Birthday_with Pam McCarthy_
- ✓ Father's Birthday_with Rick McCarthy_
- ✓ Other religious, civil and family celebrated special occasions: Easter_alternating years, odd with Ricky; even with Pam_

3.  Three-day weekends: (*choose (a), (b), or (c)*)

☐ a.   No three-day weekend schedule shall apply. The routine schedule set forth above shall apply.

✓ b.   The parent exercising parenting time on the weekend before a Monday holiday shall have parenting time on that Monday holiday.

☐ c.   The three-day weekends listed below should be shared as listed and described. Parenting time on three-day weekends which are not checked and described shall be according to the routine schedule set forth above.

☐ M. L. King Jr. Civil Rights Day _____
☐ Presidents' Day _____
☐ Memorial Day _____
☐ Labor Day _____
☐ Columbus Day _____
☐ Other _____

4.  Vacation Schedule:

(a)   December Vacation (*choose one*)

✓ (1)  No December vacation schedule will apply. The routine schedule set forth above shall apply.

☐ (2)  The parent exercising parenting time with the child(ren) on Christmas Eve (as outlined above) shall have the following additional parenting time with the child(ren) over the December vacation:

_____

_____

☐ The parent exercising parenting time with the child(ren) on Christmas Day (as outlined above) shall have the following additional parenting time with the

child(ren) over December vacation:

_____   _____

_____   _____

☐   (3)  The above choices do not fit this parenting situation. Instead, the residential
schedule for the child(ren)'s December vacation will be as follows:

_____

_____

(b)   February, April, and Summer Vacations.  Specify the day of the week vacation
starts and ends, if necessary. (*choose one*)

✓   (1)  No February, April, or summer vacation schedule shall apply.  The routine
schedule set forth above shall apply. See below re Summer.

☐   (2)  The child(ren) shall reside with _____ (parent's name)
during February vacation, except for the following days and times when the
child(ren) shall be with the other parent:

_____

_____

The child(ren) shall reside with _____ (parent's name) during
April vacation, except for the following days and times when the child(ren) shall
be with the other parent:

_____

_____

The child(ren)'s summer residential schedule shall be as follows:
Summer vacation weeks shall be determined by parties at least two weeks in
advance, or earlier if schedules are available, and each shall inform the other
parent as soon as possible.  Each parent shall be entitled to take a week's
vacation with notice to the other party.  Any out of state travel shall require
advance notice of itinerary, contact information including address and telephone
number and travel arrangements to be provided to the other parent. Then the
normal schedule set forth above shall apply -

☐   (3)  The above choices do not fit this parenting situation. Instead, the residential
schedule for  the child(ren)'s February, April, and summer vacations will be as
follows:

_____

(c)   Other Vacations – describe the schedules for any other vacations:

_____

5.   Supervised Parenting Time (*choose one*)

✓   (a)  Not applicable.

☐   (b)  The residential schedule is subject to the restrictions or limitations set out as
follows:

_____

_____

_____

-4-

6.   Other Parental Responsibilities:

Each parent shall promote a healthy, beneficial relationship between the child(ren) and the other parent and shall not demean or speak out negatively in any manner that would damage the relationship between either parent and the child(ren).

Neither parent shall permit the child(ren) to be subjected to persons abusing alcohol or using illegal drugs.  This includes the abuse of alcohol or the use of illegal drugs by the parent.

The parties agree to, or the court establishes, the following additional expectations (*choose all that apply*):

✓  (a)  A parent requesting a temporary change to the parenting schedule shall act in good faith and ask the other parent about such change as soon as possible. The parents are expected to fairly adjust parenting schedules when family situations, illnesses, or other commitments make modification reasonable.

☐  (b) If a parent requires child care by some person who does not reside in his or her residence, for a period reasonably expected to last longer than _____ hours, then the other parent shall be offered opportunity to parent the child. This section does not apply to regularly scheduled day care.

✓  (c)  Each parent shall supply the appropriate child(ren)'s clothing for them for their scheduled time with the other parent.  These clothes are to be considered the child(ren)'s clothes and shall be returned with the child(ren).

✓  (d)  Each parent shall be responsible for ensuring that the child(ren) attend regularly scheduled activities, including but not limited to sports and extra-curricular activities, while the child(ren) are with that parent.

☐  (e)  As the child(ren) get older, their individual interests may impact the parenting schedule set forth in this parenting plan. Each parent shall be flexible in making reasonable adjustments to the parenting schedule as the needs and interests of their maturing child(ren) require.

✓  (f)  Other Parenting Responsibilities: Both parents shall ensure Maura is not exposed to second hand cigarette smoke.

## C.   Legal Residence of a Child for School Attendance: (Choose one)

☐  1.   The children shall attend school in the school district where the parent with sole or primary residential responsibility resides.  Under this plan, that parent is _____.

☐  2.   This parenting plan is for equal or approximately equal periods of residential responsibility, and so the child(ren)'s legal residence for school purposes shall be with _____ (parent's name).

## D.   Transportation and Exchange of the Child(ren)  (*Choose all that apply*)

☐  1.   Transportation arrangements for the child(ren) between parents shall be as follows:

-5-

✓    2.    Unless both parents agree upon a different meeting place, the exchange of the child(ren) shall be at:

*PJM*
*RCM*

when school is in session, at the school; or when school is not in session at the Manchester Police Department. *Lobby*

☐    3.    Transportation costs shall be shared as follows:

*PJM*
*RCM*

✓    4.    Other Parents will communicate via communication notebook and they will use a phone call ~~through a third party~~ in emergency situations.

E.    **Information Sharing and Access, Including Telephone and Electronic Access:**

Unless there is a court order stating otherwise:

Both parents have equal rights to inspect and receive the child(ren)'s school records, and both parents are encouraged to consult with school staff concerning the child(ren)'s welfare and education. Both parents are encouraged to participate in and attend the child(ren)'s school events.

Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

Both parents have equal rights to consult with any person who may provide care or treatment for the child(ren) and to inspect and receive the child(ren)'s medical, dental or psychological records, subject to other statutory restrictions.

Each parent has a continuing responsibility to provide a residential, mailing, or contact address and contact telephone number to the other parent.

Each parent has a continuing responsibility to notify the other parent of any emergency circumstances or substantial changes or decisions affecting the child(ren), including the child(ren)'s medical needs, as close in time to the emergency circumstance as possible.

1.    Parent-Child Telephone Contact (*choose one*)
The children shall be given privacy during their conversations with either parent. While the child(ren) reside with one parent, the other parent shall be permitted to speak by telephone with the child(ren):

☐    (a)    At reasonable times.

☐    (b)    At the following times only:_____

☐    (c)    Other:_____

2.    Parent-Child Written Communication (*choose one*)

(a)   Both parents and child(ren) shall have the right to communicate in writing or by e-mail during reasonable hours without interference or monitoring by the other parent.

☐   (b)   Specific agreements/orders regarding written or e-mail access between child(ren) and parent(s):

_____

_____

## F.   Relocation of a Residence of a Child (*choose one*)

✓   1.   The relocation of a child's residence in which s/he lives at least 150 days per year is governed by RSA 461-A:12. In general, either parent may move the child's residence if it results in the parents living closer and if it will not affect the child's school enrollment. Prior to relocating the child's residence farther from the other parent or in such a way that school enrollment will be impacted, the parent shall provide reasonable notice to the other parent. For purposes of this section, 60 days notice shall be presumed to be reasonable unless other factors are found to be present. At the request of either parent, the court shall hold a hearing on the relocation issue.

☐   2.   This parenting plan shall expressly govern the relocation issue as follows: **(Choose one)**

☐   (a)   In addition to the provisions or RSA 461-A:12, this plan shall include the following relocation details:

_____

_____

_____

☐   (b)   Instead of RSA-A:12, this plan shall include the following relocation details:

_____

_____

_____

## G.   Procedure for Review and Adjustment of Parenting Plan (*Choose one*)

✓   1.   The parents shall meet as set out below to review this parenting plan and the well-being of the child(ren). Any agreed-on changes shall be written down, signed by both and filed with the court. (Each should keep a copy.) (*choose (a), (b), (c), or (d)).*

☐   (a)   Meetings shall be in _____ (month).

☐   (b)   Meetings shall be yearly.   ☐   (c)   Meetings shall be every 2 years.

✓   (d)   Meetings will not be on a set schedule but shall be as often as necessary for the benefit of the child(ren).

☐   2.   Other:_____

-7-

**H.** **Method(s) for Resolving Disputes (choose one)**

✓ 1. In the future, if the parents have a disagreement about parenting issues, the parents shall try to work it out in the best interest of the child(ren). If the parents are unable to work out the disagreement, they shall seek the help of a neutral third party to assist them. Only if the parents are unable to work out the disagreement after seeking third party assistance will they ask the court to decide the issue. *only they all would agree to a neutral third*

☐ 2. Other:_____

**I.** **Other parenting agreements important to the parents or child(ren) are listed below or are set forth in the _____ number of attached pages.**

_____
_____

_____

_____

| | | |
|---|---|---|
| *Pamela P. Jaber-McCarthy* | | |
| *Kathleen A. Sternenberg* | | *4/16/07* |
| **Mother** | **Attorney/Witness** | **Date** |
| | | *4/16/07* |
| **Father** | **Attorney/Witness** | **Date** |
| | *4/16/07* | |
| **Guardian ad Litem** | **Date** | |

**Recommended.**

_____  *4/14/07*  *Leonard S. Peer*
**Signature of Marital Master**   **Date**   **Name of Marital Master**

**So Ordered.**

_____  *18 April 2007*  _____
**Signature of Judge**   **Date**   **Name of Judge**