THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
NORTHERN DISTRICT OF HILLSBOROUGH COUNTY

I, John M. Safford, Clerk of the Superior Court of the State of New Hampshire, for the County of Hillsborough, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached is a true copy of __Motion for Further Order Regarding Distribution of Retirement and Wording of QDRO  and Objection to Motion for Further Order Regarding Distribution of Retirement and Wording of QDRO__ in the action # __06-M-96__  __Pamela Taber-McCarthy__ and __Ricky C. McCarthy__ of said Superior Court.

In witness whereof I have hereunto
set my hand and affixed the seal
of said Superior Court
this __26th__ day of __March__, 2008.

*John M. Safford*

Clerk of Superior Court

## THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**                                    **SUPERIOR COURT**
**NORTHERN**

IN THE MATTER OF
PAMELA MCCARTHY AND RICKY MCCARTHY

06-M-0496

## OBJECTION TO MOTION FOR FURTHER ORDER REGARDING DISTRIBUTION OF RETIREMENT AND WORDING OF QDRO

**NOW COMES** the respondent, Ricky McCarthy, by and through his attorney, Kevin E. Buchholz, and respectfully requests the Honorable Court to deny petitioner's Motion For Further Order, and in support thereof states the following:

1. The parties reached a lump sum settlement of pension distributions whereby petitioner would receive a lump sum distribution of a certain dollar amount of respondent's pension (minus monies owed to respondent for his share of petitioner's pension). The value of the lump sum was determined as of a date certain (January 16, 2006). The agreement of the parties was approved by the court and additional orders were issued thereon on April 30, 2007.

2. Opposing counsel was to draft the QDRO and take the necessary steps to perfect the agreed upon transfer.

3. The QDRO drafted by opposing counsel expressly recognizes that the parties entered into a lump sum agreement.



4. Under the terms of the QDRO drafted by opposing counsel, petitioner, the alternative payee, was to receive "an amount equal to 50% of the participant's 'vested benefit' under the plan which was earned during the period of the marriage only from September 26, 1998 to January 16, 2006" (emphasis in original). Under the same paragraph (paragraph 7 of the QDRO) it expressly states that the net amount due Pamela Tabler McCarthy is $33,979.96.

5. Paragraph 8 of the QDRO further emphasizes that the agreement of the parties if for a lump sum. Paragraph 8 states as follows:

"Except as otherwise noted, the vested benefits assigned by this order shall be paid over in to a segregated account to the alternative payee's designated recipient in a lump sum distribution."

6. It should be noted that the QDRO does not identify the alternative payee's designated recipient.

7. No where in the document does it state that the alternative payee would receive any profit or loss on the monies to be paid over for the period of time running from the date of valuation to date of distribution. The parties had no such agreement.

8. Federal law governs the distribution to be made in this instance.

9. Under 29 USC § 1056 et. seq it is recognized that a plan administration has 18 months in which to determine whether or not a proposed QDRO is in conformance with the statutory requirements and the terms of the plan.

10. The 18 month period begins to run "with the date on which the first payment would be required to be made under the domestic relations order" 29 USC §1056 (d)(3)(H)(v).

11. During such period of time the plan administrator is required to keep the funds to be paid to the alternative payee as "segregated amounts" while it is being determined if the proposed QDRO meets the statutory and plan requirements.

12. The statute also expressly states that "[i]f within the 18-month period described in clause (v) the proposed order (or modification thereof) is determined to be a qualified domestic relations order, the plan administration shall pay the segregated amounts (including any interest thereon) to the person entitled thereto" 29 USC§1056 (d)(3)(H)(v). The statute does not call for the payment of any profit or loss on the segregated amounts. The statute only requires the payment of interest earned on the segregated amounts. Respondent has no objection, to the extent the segregated amounts earned any interest, to the plan administrator complying with the statutory provision by paying any interest earned on the segregated amount, provided that respondent receives interest on the amounts credited to him from petitioners retirement funds for the same period. The applicable period being the time frame running from the notice of the domestic relations order being given to the plan administrator and the date of the distribution. However, no addendum to the QDRO is needed to accomplish payment of the interest as the statute requires interest to be paid if any has been earned on the segregated amounts.

13. It should also been noted that the benefit payable to the alternative payee is further defined by the agreed to QDRO to be 50% of the participant's "vested benefit" as of the date certain. "Vested benefit" is defined as the "participant's benefit as if he or she terminated on the valuation date and received a distribution on the participant's normal retirement age."

14. The valuation dates are specified to be the period running from September 26, 1998 to January 16, 2006, per the agreement of the parties.

15. Hence, the last date of the valuation period is January 16, 2006.

16. Had the participant terminated his participation in the plan on January 16, 2006, there would be no further loss or profit that would accrue. At best he would receive interest on his amounts vested as of the date of termination.

17. Notably, petitioner did not file a copy of the addendum she seeks the court to order respondent to sign. However, the proposed addendum seeks losses and profits to be paid to the petitioner on the vested amounts for the period of the time running after January 16, 2006, through the present and to the date of actual distribution. Further, the language of the proposed addendum does not limit the profits or losses to petitioner's portion of the distribution.

18. The addendum is not in conformance with the agreement of the parties or the federal law governing the rights and obligations of the plan administrator.

19. It is not clear from petitioner's motion if and when petitioner ever notified the plan administrator of the issuance of the domestic relations order. However, the 18 month period specified by the statue would not begin to run until proper notification of the domestic relations order was received by the plan administrator. Notably, the plan administrator is not copied on the pleading filed by petitioner. Given the statutory rights and obligations of the plan administrator, the administrator should be notified of the pending motion and be given a chance to respond.

20. Moreover, since the relief petitioner is seeking involves a federal question, as to the propriety of requiring a plan administrator to pay profits and losses on an alternative payee's lump sum distribution of a pension plan for the period of time running from the date of valuation to the date of distribution, the petitioner should be required to give the plan administration notice of the pending pleading and an opportunity to be heard.

21. In addition, since the issue raised involves a federal question, respondent intends to remove the matter to federal district court for a determination thereon if the plan administrator does not do so. Hence, respondent requests that the honorable court hold off scheduling any hearing on the pending motion for a reasonable period of time to allow notification to the plan administrator and the filing of the appropriate pleadings with the federal district court.

WHEREFORE, the respondent respectfully requests the Honorable Court to:

A. Hold off ruling on the pending pleading so as to allow a reasonable period of time for notification to be served upon the plan administrator and filing a notice of removal with the federal district court;

B. Alternatively, if the case is not removed to federal district court, order that the plan administrator receive notice of the pending pleading and an opportunity to be heard;

C. Deny the relief requested in the pending motion as it is not in conformance with the agreement of the parties and is in violation of the federal law governing QDROs and the rights and obligations of the plan administrator;

D. Grant such other and further relief as is just and equitable.

THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                                               **SUPERIOR COURT**
**NORTHERN DISTRICT**                            **DOCKET NO. 06-M-0096**

### IN THE MATTER OF PAMELA TABER (FORMERLY MCCARTHY) AND RICKY C. MCCARTHY

### MOTION FOR FURTHER ORDER REGARDING DISTRIBUTION OF RETIREMENT AND WORDING OF QDRO

**NOW COMES** the Petitioner, Pamela Taber-McCarthy, by and through her attorney, and she respectfully requests a further court order to effectuate the distribution of the retirement and the wording of the QDRO and states as follows:

1. The parties were divorced effective July 13, 2007.

2. The court ordered, at page 4, 7. c., that Petitioner's counsel prepare the QDRO for the division of the retirement.

3. Petitioner's counsel contacted Schleuniger May 30, 2007 and sent a release for information.

4. Petitioner's counsel drafted a QDRO and sent it to Attorney Buchholz on July 10, 2007 and it was returned in late August.

5. In August, the signed QDRO was sent to Schleuniger, Inc.

6. At the end of August, Schleuniger indicated that it would not approve and sign off on the QDRO unless the proposed order made clear whether or not gains or losses should be applied from January 16, 2006 until the date of distribution.

7. In September, the Petitioner attempted to find out what the gains or losses would be.

8. Scheuniger refused to compute the gains or losses until the QDRO was amended to

-1-

specifically deal with whether the gains and losses would be included.

9. Petitioner's attorney contacted Attorney Buchholz and sent an Addendum for Ricky McCarthy's review and signature on November 1, 2007.

10. No response was received.

11. Petitioner's attorney sent a follow up letter on November 9, 2007.

12. No response was received.

13. Petitioner's attorney contacted Attorney Buchholz by phone on November 16, 2007 and Attorney Buchholz could not say whether his client would sign the Addendum as he had not yet spoken to him about it. He indicated that he may disagree with the wording of the addendum but would not commit.

14. It is necessary to present Schleuniger, Inc. with the QDRO and Addendum in order to obtain their approval of the transfer so that the QDRO and Addendum can be ordered by this Court.

**WHEREFORE**, Pamela Taber-McCarthy respectfully requests that this Honorable Court:

A. Order Ricky McCarthy to sign the Addendum so that Pam McCarthy's benefits in the amount of $33,979.96 are paid to her with any gains and losses thereon from the date of valuation through the date of distribution; and

B. Order that Ricky McCarthy cooperate by signing the Addendum and any other necessary paperwork to effectuate the transfer immediately; and

C. Make such other orders as are fair and just.

Respectfully submitted,
Pamela Taber-McCarthy, Petitioner

Dated: November 16, 2007        By:    *Kathleen A. Sternenberg*
                                       Kathleen A. Sternenberg, Esq.
                                       Law Office of Kathleen A. Sternenberg
                                       27 Webster Street
                                       Manchester, NH 03104-2547
                                       (603)641-1048

## CERTIFICATE OF SERVICE

I, Kathleen A. Sternenberg, hereby certify that I have mailed, postage pre-paid, a copy of this pleading to opposing counsel, Kevin Buchholz, Esq., and to Alan Cantor, GAL, this 16th day of November, 2007.

*Kathleen A. Sternenberg*
Kathleen A. Sternenberg, Esq.

LAW OFFICES OF KATHLEEN A. STERNENBERG · 27 WEBSTER STREET · MANCHESTER, NH 03104-2547