UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pamela Taber-McCarthy

        Petitioner

        v.      Docket: 08-cv-00096-PB

Ricky C. McCarthy

        Respondent

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONDENT'S OBJECTION TO PETITIONER'S MOTION TO REMAND

***NOW COMES*** the respondent, Ricky McCarthy, by and through his attorney, Kevin E. Buchholz, Esquire, and respectfully requests the Honorable Court to deny Pamela Taber-McCarthy's (hereinafter "Taber") Motion For Remand and in support thereof states the following:

1. First, the movant argues that removal is not timely because the removal pleading was not filed within 30 days of the date the state court pleading was filed.

2. The state court pleading in question is Taber's *Motion For Further Order Regarding Distribution Of Retirement and Wording Of QDRO* (copy attached).

3. At the time Taber's pleading was filed with the state court the only issue raised by Taber therein was the issue of whether or not Taber would be entitled to receive

gains/losses on her portion of the agreed upon lump sum distribution, presumably to be paid by the plan. Taber cited no authority for her position, but it is clear that the provisions of 29 USC § 1056 et. seq. governed the plan administrator's rights and obligations when distribution of pension funds were to be made pursuant to a Qualified Domestic Relations Order (hereinafter "QDRO").

4. Under the terms of the agreement of the parties, which was approved by the state court, Taber's counsel was to draft the QDRO.

5. Notably Taber's counsel did so and the original QDRO was executed by the parties and their respective counsel. (See attached copy of executed QDRO)

6. Taber's counsel (Attorney Kathleen Sternenberg) then sent the QDRO to the plan administrator for review and execution. At the same time, Taber's counsel began requesting from the plan administrator a calculation of gains for a certain time frame on Taber's portion of the QDRO. The plan administrator refused to engage in the requested computation (unbeknownst to Mr. McCarthy or his counsel) as the QDRO that had been executed by the parties and their respective counsel did not state that there were to be any gains calculated and/or paid on the distribution to Taber.

7. Because the parties had agreed to a lump sum distribution, Taber's counsel then sought, via the state court, to change the agreement of the parties to include a computation of gains. Hence, Taber's pleading.

8. Undersigned counsel then sent a number of letters to Taber's counsel requesting Taber's counsel to affirm that Taber was withdrawing the pending gains issue.

9. Despite said letters, an affirmative confirmation was never received from Taber's counsel until the eve of the hearing (scheduled for March 14, 2008) when

Taber's counsel faxed a letter to undersigned counsel that stated "the issue remaining in this matter has to do with interest on the distribution, not gains and losses." Further, that Taber "is not seeking gains and losses on the QDRO distribution, but she is seeking interest from the date of the court ordered distribution". Despite said position, Taber refused to withdraw her pleading and stated "[s]he does not agree to withdraw her pleading as she needs relief from the court." (copy of Taber's counsel's letter/fax dated March 13, 2008, attached hereto)

      10.    Notably, Taber's pending pleading did not raise the issue of interest to be paid on the distribution.

      11.    The parties and counsel did attend the hearing scheduled for March 14, 2008, in the State Court. At that time undersigned counsel reiterated that the state court lacked jurisdiction to go forward on the pending pleadings due to removal to Federal District Court. However, at the state court hearing Taber's counsel, for the first time, confirmed on the record that the issue was no longer gains/losses, but the issue was now interest to be paid on the distribution under 29 USC § 1056 (d)(3)(H)(ii). Presumably, the interest was to be paid by the plan administrator, although efforts to clarify Taber's position on the new interest issue have been unfruitful.

      12.    Despite the fact that Taber withdrew the gains/losses issue and did not file a pleading with the state court on the interest issue, but instead made an informal change in her position on March 13, 2008, and formal change of her position on March 14, 2008, in the brief hearing before the state court marital master, Taber now argues that the removal petition is untimely.

      13.    Taber's argument is without merit as Taber first raised the interest issue, albeit not on the court record, on March 13, 2008, and formerly raised the issue in open court on March 14, 2008 (a transcript of the proceeding is not yet available). The

removal petition was filed on March 13, 2008.  Hence, removal was sought well within the timeframe established by 28 USC § 1446(b).

14.	Taber next argues that the court has no jurisdiction over QDROs and cites 29 USC 1056 (d)(3)(B)(ii)(II) in support of her position.  However, the statutory language raised by Taber merely defines the term "domestic relations order" and does not in any way limit or exclude a feral district court from having jurisdiction to decide questions raised under 29 USC § 1056 et. seq., regard the statutory duty of the parties and/or plan administrator under the federal law.

15.	Taber also cites Hunter v. Ameritech, 779 F. Supp. 419 (N.D. Ill 1991) in support of her position.

16.	First, Hunter is not controlling precedent in this jurisdiction.  Second, Hunter is simply an incorrect and overly expansive reading of the provisions of 29 USC § 1056.  Nothing in the language of the statute precludes a federal district court from exercising it's federal question jurisdiction to decide the correct interpretation of federal law governing clauses sought to be judicially placed into a QDRO in reliance upon the federal statutory language.  Third, from a factual standpoint the case at bar is not in line with Hunter.  In Hunter a QDRO had never been executed.  In the case at bar the parties and their counsel already executed a QDRO (which was drafted by Taber's counsel), and now Taber seeks to have the court read into the QDRO the plan administers obligation to pay interest to Taber on her portion of the distribution.

17.	Notably, in the state court proceeding Mr. McCarthy's pleading (Paragraphs 19, 20 and A of Mr. McCarthy's *Objection To Motion For Further Order Regarding Distribution Of Retirement and Wording Of QDRO*) expressly notified the state court that the issue then raised (gains and losses) impacted the obligations of the plan administrator and that the plan administrator should be given notice and an

opportunity to be heard thereon.  Despite said request, the plan administrator was not given notice and an opportunity to be heard.

18.	In Mr. McCarthy's *Petition For Removal* (and amended *Petition*) it was again expressly requested (Paragraph 12) that the plan administrator be given notice and an opportunity to be heard.

19.	Before the court rules on the *Petitioner's Motion For Remand*, the court should issue an order giving the plan administrator notice and an opportunity to be heard.

20.	It should also be noted that, unlike Hunter, the federal court is not being asked to issue the QDRO.  Rather the court is being asked to interpret/apply federal law to a QDRO to determine whether or not the plan administrator is obligated to pay interest to the alternative payee when distribution is made under the QDRO.  Taber argues that the federal statutory language mandates payment of interest by the plan administrator. The plan administer, in all likelihood, will take a different position.

*WHEREFORE,* the respondent, Ricky C. McCarthy, respectfully requests the Honorable Court to:

A. Deny Petitioner's Motion For Remand;
B. Issue an order giving the plan administrator notice and an opportunity to be heard
C. Alternatively, issue an order that protects Mr. McCarthy's and the plan administrator's right to be heard on the interest issue if Taber now indicates that she does not intend to raise the interest issue under her pending state court pleading (despite her recent statement to the contrary).

                                        Respectfully submitted by,
                                        Ricky McCarthy
                                        By his attorneys,
                                        WALKER & BUCHHOLZ, P.A.

Dated: April 2, 2008                    By <u>/s/ Kevin E. Buchholz, Esquire</u>
                                        Kevin E. Buchholz, Esquire
                                        NH Bar# 6535
                                        50 Bridge Street, Suite 205
                                        Manchester, NH 03101-1699
                                        603-634-5090
                                        kbuchholz@walkerbuchholz.com

## ***CERTIFICATE OF SERVICE***

       I hereby certify that a copy of the foregoing Motion To Allow Partial Submission of State Court Record was this day forwarded to Kathleen Sternenberg, Esquire, Law Offices of Kathleen Sternenberg, 27 Webster Street, Manchester, NH 03104 and to Edward C. Mosca, Esquire via ECF.

Dated: April 2, 2008                                        <u>/s/ Kevin E. Buchholz, Esquire</u>
                                                                 Kevin E. Buchholz, Esquire