THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS  
NORTHERN DISTRICT

SUPERIOR COURT  
DOCKET NO. 06-M-0096

IN MATTER OF PAMELA TABER-MCCARTHY AND RICKY C. MCCARTHY

**STIPULATED QUALIFIED DOMESTIC RELATIONS ORDER**

This order creates and recognizes the existence of an alternate payee's right to receive a portion of the participant's benefits payable under an employer-sponsored defined benefit retirement plan, which is qualified under Section 401(a) of the Internal Revenue Code ("the Code") and the Employee Retirement Income Security Act of 1974, as amended by the Retirement Equity Act of 1984 ("ERISA"). This order is intended to constitute a Qualified Domestic Relations Order ("QDRO") under Section 414(p) of the Code and Section 206(d)(3) of ERISA and shall be interpreted and administered in conformity with such laws.

This order is entered pursuant to the authority granted under the applicable domestic relations laws of the State of New Hampshire. This order is issued pursuant to NH RSA § 458 which relates to the provision of child support, alimony payments and the division of marital property rights between divorcing spouses. Under RSA § 458, the Participant's interest in the Plan is marital property, subject to equitable distribution by this Court. This Order assigns to the alternate payee the right to receive that portion of the pension benefit provided by the Plan to the Participant as described in the following paragraphs:

1.  **PLAN**

This order applies to the **Schleuniger, Inc. 401(k) Plan** ("the Plan"). Any successor to this Plan shall also be subject to the terms of this order.

2.  **PLAN ADMINISTRATOR'S APPROVAL**

The Plan Administrator gives this instruction to Fidelity Investments to implement a court order that the Plan Administrator determined is a Qualified Domestic Relations Order. The Plan Administrator confirms that Fidelity Investments, any affiliate of it, and any employee or agent of any of them did not give the Plan Administrator any advice concerning any court order or this instruction.

If this form instructs a distribution that is an eligible rollover distribution, the Plan Administrator confirms that he delivered the required explanation of tax treatment to the Alternate Payee.

Plan Administrator's Name:     Melissa Clickner

Plan Administrator's Signature:   _____
                                  Melissa Clickner

3. **PARTICIPANT**

   Name:                      Ricky C. McCarthy
   Address:                   489 Mammoth Road
                              Manchester, NH 03104
   Social Security Number:    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
   Date of Birth:             10/14/1966
   Dates of Employment:       1/08/1991 to 1/08/2002 and

4. **ALTERNATE PAYEE**

   Name:                         Pamela Taber-McCarthy
   Address:                      366 Arah Street
                                 Manchester, NH 03104
   Social Security Number:       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
   Date of Birth:                6/29/1961
   Relationship to Participant:  Former Spouse

   **IT SHALL BE THE ALTERNATE PAYEE'S RESPONSIBILITY TO ADVISE THE PLAN ADMINISTRATOR OF CHANGES OF ADDRESS SUBSEQUENT TO THE FILING OF THIS QDRO.**

5. **MARITAL HISTORY**

   Date of Marriage:   9/26/1998
   Date of Filing:     1/16/2006
   Date of Divorce:    7/13/2007

6. **DEFINITIONS**

   **Alternate Payee**   The "alternate payee" is any spouse or former spouse of a participant who is recognized by a domestic relations order as having a right to receive all or a portion of the benefits payable under the Plan with respect to such participant.

   **Valuation Dates**   The "valuation dates" are the dates specified in this order between which the participant's benefit will be determined.

| | |
|---|---|
| **Vested Benefit** | The participant's "vested benefit" is the participant's benefit as if he or she terminated on the valuation date and received a distribution on the participant's normal retirement age. |

7. **BENEFIT PAYABLE TO THE ALTERNATE PAYEE**

This order assigns to the alternate payee an amount equal to 50% of the participant's "vested benefit" under the Plan which was earned <u>during the period of the marriage only</u> from September 26, 1998 to January 16, 2006. This amount is calculated to be $77,430. One half of this amount is $38,715. This amount shall be reduced by the amount of $4,735.04, which is ½ of the amount of Pamela Taber McCarthy's retirement earned between the date of marriage and date of filing. The net amount due Pamela Taber McCarthy is $33,979.96.

8. **FORM OF PAYMENT**

Except as otherwise noted, the vested benefit assigned by this order shall be paid over in to a segregated account for the Alternate Payee and immediately after doing so paid over to the alternate payee's designated recipient in a lump sum distribution.

9. **RETENTION OF JURISDICTION**

This matter arises from an action for divorce or legal separation in this court under the case number set forth at the beginning of this document. Accordingly, this court has jurisdiction to issue this order.

In the event the Plan Administrator determines that this order is not a Qualified Domestic Relations Order, both parties shall cooperate with the Plan Administrator to make the changes necessary for it to become a qualified order. This includes signing all documents which may be necessary for the parties to obtain an amended order that meets the requirements for a Qualified Domestic Relations Order. For this purpose, this court expressly reserves jurisdiction over the dissolution proceeding involving the participant and the alternate payee and the participant's interest in the Plan.

10. **LIMITATIONS**

Pursuant to Section 414(p)(3) of the Code and except as provided by Section 414(p)(4), this order:

(i) Does not require the Plan to provide any type or form of benefit, or any option not otherwise provided under the Plan;

    (ii)    Does not require the Plan to provide increased benefits; and
    (iii)    Does not require the payment of benefits to an alternate payee that is required to be paid to another alternate payee under another order previously determined to be a Qualified Domestic Relations Order.

## 11. TAXATION

For purposes of Sections 402 and 72 of the Code, any alternate payee who is the spouse or former spouse of the participant shall be treated as the distributee of any distributions or payments made to the alternate payee under the terms of the order and, as such, will be required to pay the appropriate federal, state, and local income taxes on such distributions.

## 12. CERTIFICATION OF NECESSARY INFORMATION

All payments made pursuant to this order shall be conditioned on the certification by the alternate payee and the participant to the Plan Administrator of such information as the Plan Administrator may reasonably require from such parties to make the necessary calculation of benefit amounts contained herein.

Dated this _____ day of _____, 2007.

By the court:

_____
Judge

Date: _____    Date: _____

LAW OFFICES OF KATHLEEN A. STERNENBERG · 27 WEBSTER STREET · MANCHESTER, NH 03104-2547

*[signature]*  
Ricky C. McCarthy  
Participant

*[signature]*  
Kevin Buchholz, Esq.  
Attorney for the Plan Participant  
Walker & Buchholz  
50 Bridge Street  
Manchester, NH 03101  
(603)634-5090

*[signature]*  
Pamela Taber-McCarthy  
Alternate Payee

*[signature]* Kathleen A. Sternenberg 7/9/07  
Kathleen A. Sternenberg, Esq.  
Attorney for the Alternate Payee  
Law Office of Kathleen A. Sternenberg  
27 Webster Street  
Manchester, NH 03104-2547  
(603)641-1048

-5-