UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
                                   *
Pamela Taber-McCarthy              *
                                   *
              Petitioner           *
                                   *
        v.                         *    Case Number 1:08-cv-96-PB
                                   *
Ricky C. McCarthy                  *
                                   *
              Respondent           *
                                   *
************************************
```

# PETITIONER'S REPLY TO
# RESPONDENT'S OBJECTION TO MOTION FOR REMAND

The petitioner, Pamela Taber-McCarthy, hereby replies to *Respondent's Objection to Petitioner's Motion for Remand.*

1. *Respondent's Amended Petition for Removal* appeared to identify "pleadings with the State Court seeking a further order with regards to the wording of the QDRO," *id.* at ¶5, as the basis for removal to this Court. *See  28 U.S.C. § 1446(b).*

2. *Petitioner's Motion for Remand* pointed out that this pleading was filed on November 16, 2007, which made the removal, which was not filed until March 13, 2008, untimely.  *See id.*

3. Respondent now appears to be arguing that it was not the pleading filed on November 16, 2007 that was the basis for removal, but rather that

       Petitioner's counsel "made an informal change in her position on March 13, 2008, and formal change of her position on March 14, 2008, in the brief hearing before the state court marital master." *Respondent's Objection to Petitioner's Motion for Remand* at ¶12.

4. Neither of these new grounds for removal support removal.

5. Any "informal change in [Petitioner's] position on March 13, 2008," *Respondent's Objection to Petitioner's Motion for Remand* at ¶12, does not provide a basis for removal because removal had to have been filed within 30 days of the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *28 U.S.C. § 1446(b).*

6. Respondent plead in his *Amended Petition for Removal* that the November 16th state court pleading "raises the correct application of the provision of 29 USC § 1056 et seq." *Id.* at ¶5.

7. In response to the filing of *Petitioner's Motion for Remand*, Respondent has taken the position that the November 16th pleading raised a "gains/losses" issue and that the issue being removed is actually an "interest to be paid" issue, which was the "informal change" to Petitioner's position that occurred on March 13, 2008. *Respondent's Objection to Petitioner's Motion for Remand* at ¶¶11-12.

8. The distinction drawn by Respondent is the proverbial distinction without a difference. Whether the issue is styled a "gains/losses" issue or as an

"interest to be paid" issue, the underlying law is QDRO law. If this Court has jurisdiction over QDROs as Respondent claims, then the time at which it could "first be ascertained that the case is one which is or has become removable," *28 U.S.C. § 1446(b),* was when Petitioner filed her November 16th pleading.

9. It is clear that Respondent believed the case was removable with the filing of the November 16th pleading because in his *Objection to Motion for Further Order Regarding Distribution of Retirement and Wording of QDRO*, which was filed in the state court on November 27, 2007 and which is an exhibit to his *Objection to Petitioner's Motion for Remand* he indicated "Federal law governs the distribution to be made in this instance," ¶8, and that "since the issue involves a federal question, respondent intends to remove the matter to federal district court if the plan administrator does not do so." ¶21.

10. The other new ground is there was a "formal change of Petitioner's position on March 14, 2008, in the brief hearing before the state court marital master." *Respondent's Objection to Petitioner's Motion for Remand* at ¶12.

11. The "formal change" ground for removal fails for the same reason the "informal change" ground fails.

12. In addition, the notice of removal was filed on March 13, 2008. Therefore, anything that happened "on March 14, 2008, in the brief hearing before the

state court marital master," *Respondent's Objection to Petitioner's Motion for Remand* at ¶12, could not have been a basis for removal.

\* \* \* \* \*

13. Although the November 16th pleading was titled *Motion for Further Order Regarding Distribution of Retirement and Wording of QDRO*, Respondent in response to the *Motion to Remand* has taken the position that "the federal court is not being asked to issue the QDRO." *Respondent's Objection to Petitioner's Motion for Remand* at ¶20. "Rather, the court is being asked to interpret/apply federal law to a QDRO to determine whether or not the plan administrator is obligated to pay interest to the alternative payee." *Id.*

14. Thus, Respondent appears to be seeking an advisory opinion from this Court regarding QDRO law.

15. This Court, however, cannot provide such relief because Article III of the United States Constitution restricts federal courts to the resolution of actual cases and controversies. *See, e.g., Shelby v. Superperformance Int'l, Inc.*, 435 F.3d 42, 45 (1st Cir. 2006).

4

Respectfully submitted,

Pamela Taber-McCarthy,

By her Attorney

MOSCA LAW OFFICE


/s/ Edward C. Mosca
27 Webster Street
Manchester, NH  03104
(603) 628-3695

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2008 I served the foregoing by ECF on Kevin Bucholz, Esquire. Counsel of record for Respondent, and by hand-delivering a copy to Law Office of Kathleen Sternenberg, 27 Webster Street, Manchester, NH  03104, counsel for Petitioner.


/s/ Edward C. Mosca
Edward C. Mosca